GERALD & McGEE v. BURTHEE & HIGGINS.

Where a party acknowledged service under the 13th section of the act to regulate proceedings in the district court over five days before the term, but the petition was not filed and the case docketed until the fifth day of the term, it was not error to enter judgment at the same term. (Paschal's Dig., Art. 1433, Note 545.)

Where service had been acknowledged and the case docketed, and the defendant confessed judgment, without the affidavit of the plaintiff to the justness of the debt, as required by the 116th section of the act to regulate proceedings in the district court, the judgment will not be reversed on error. (Paschal's Dig., Art. 1477, Note 573.)

ERROR from Polk.  The case was tried before Hon.
JAMES M. MAXCY, one of the district judges.

The defendant acknowledged service more than five days
before the term, but the petition was not filed until the fifth
day of the term.   Then the defendant confessed judgment
without an affidavit, as directed by the 116th section of the
act to regulate proceedings in the district court.  (Paschal's
Dig., Art. 1477, Note 573.)   The question turned upon the
effect of the judgment.

*Gerald & McGee*, for plaintiffs in error.—This purports to
be a suit by the defendants in error against the plaintiffs in
error on a promissory note, a judgment by confession being
rendered in favor of the former.

It is submitted that said judgment, as rendered by the
court below, is a nullity, and should be reversed for the
following:

1.  The petition shows no cause of action, hence the judg-
ment is void.

2.  Being a judgment by confession, if a judgment at all,
the justness of the debt must have been sworn to by the
party in whose favor it was rendered.   (O. & W. Dig., Art.
499; Montgomery v. Barnett, 8 Tex., 143; Flanagan v.
Bruner, 10 Tex.; 257; Hopkins v. Howard, 12 Tex., 7.)

WILLIE, J. — This was a suit commenced below by
defendants in error against plaintiffs in error upon a pro-
missory note.   Service was accepted by indorsement on
the petition more than five days before the commencement
of the court, and on the fifth day of the term the petition
was filed, and the plaintiffs in error confessed judgment
for the full amount claimed in it.   The case is now brought
to this court by writ of error, and it is assigned, among
other things, that the court erred in permitting a judg-
ment by confession to be entered up without process, and

without an affidavit having been made as to the justness of the debt.

In the case of Flanagan v. Bruner, 10 Tex., 257, it was held, that if a defendant appear under process and confess judgment, the judgment will be valid, whether there be an affidavit or not. That the statute, (O. & W. Dig., Art. 499,) when referring to appearance without process, meant without service of process; and that a waiver or acceptance is by law as effectual as actual service.

There was an acceptance of service in this case which took it out of the requirements of the statute as to swearing to the justness of the debt, and the court did not err in permitting the judgment to be rendered without such affidavit. The judgment is

AFFIRMED.