N. B. HORM v. SARAH SHAMBLIN ET AL.

(Case No. 3532.)

1. PLEADING.— In a suit for the recovery of an interest in land based on a contract which, under the statute of frauds, could only be enforced when written, a demurrer to the petition, on the ground that it contained no allegation that the contract was in writing, will not be sustained.
2. PRE-EMPTION.— A contract by which one desiring to appropriate public domain as a pre-emptor, agrees to convey to a third party a portion of the land when title is secured, in consideration of his services in building a house on the land, fencing and cultivating it, is not violative of public policy, and, after the issuance of title by the state, may be enforced.

APPEAL from McLennan. Tried below before the Hon. X. B. Saunders.

Horm brought this suit against appellees February 1, 1875, and alleged in substance: That about October, 1872, there was lying adjacent to his premises one hundred and sixty acres of land of the public domain, which he was then about to locate by virtue of a valid land certificate, and had taken steps to do so. That Sarah Shamblin was his mother-in-law, and was in destitute circumstances, owning no land, and having no homestead; that he proposed to her that she should pre-empt this one hundred and sixty acres of land under the pre-emption laws, and if she would do so he would surrender to her his claim as a locator; that she responded to his proposition by saying she had no ability to comply with the law; she could not build a house upon it, or fence it, or cultivate it; that she had no means with which to comply with the law and become a settler upon the land. That thereupon to aid her and assist her in the acquisition of a homestead, he proposed that if she would settle upon the land he would build her a house on it, extend his own fence and make additional fence so as to enclose her land, and would break up ten acres of the land for her, and would also give her, free of rent, for her own use, ten acres of his own land to cultivate the first year. And to reimburse him for such assistance, she should;

after she had perfected her pre-emption title, make him a deed to that half of the land on which he had built the house, she to have the use of the house for three years; that she agreed to this proposition, and that he did and performed his part of the agreement and paid for the surveying of the land, etc. Mrs. Shamblin went upon the land and occupied it for over two years, and sold and transferred to Gambrell, who bought with full knowledge of plaintiff's rights, and the terms of said agreement; that Gambrell went upon the land, and that he and Mrs. Shamblin together had occupied it for over three years, complying in all things with the law, and refused to convey to him the eighty acres, or otherwise to recognize the agreement. He prayed judgment for the eighty acres of land, and in the alternative for the value of the improvements he put upon the land, together with the amount paid by him for surveying it.

The defendants demurred to the petition on the ground that the agreement therein set up was in violation of the statute of frauds; also that the agreement was against public policy.

The court sustained the demurrers, dismissed the case, and rendered judgment in favor of the defendants that they "go hence and recover their costs."

It was claimed that the court erred in sustaining the demurrer and rendering the judgment.

*Sleeper, Jones & Kendall*, for appellant.

*Battle & Maxcy*, for appellee.

WATTS, J. COM. APP.—There is no allegation in the petition that the agreement between Horm and Mrs. Shamblin was not in writing, and it was not necessary to allege that it was in writing; the exception to the petition, on the ground that the agreement therein set up was in violation of the statute of frauds, is not well taken.

It is claimed by appellee that the agreement asserted by the petition is such as will not be enforced, because it is against public policy; and upon that ground the court correctly sustained the demurrer to the petition and dismissed the suit. The object and purpose of the pre-emption laws are to secure the settlement, improvement and cultivation of the public domain. It is true that no one who has a homestead is permitted to acquire land in this way. Gambrell *v.* Steele, decided at the last Tyler term.

As a prerequisite to obtaining a patent under the pre-emption laws, the party must occupy and improve the land for three years.

But it does not appear to us that public policy would preclude a party who desired to obtain a homestead under these laws from making contracts with respect to a portion of the land, so as to enable such party to comply with the requisites of the law in settling upon and improving the land. According to the case made by appellant, Mrs. Shamblin was unable to comply with the requisites of the law in settling upon the land and having the same surveyed, and the field notes returned to the general land office. To enable her to do so, plaintiff furnished the material and constructed a house upon the land, enclosed the same with a proper fence, and broke some ten acres of land, and also paid the surveyor's fees, upon an agreement with Mrs. Shamblin that for and in consideration of all these things she would convey to him eighty acres of the land, so soon as she obtained title thereto from the state, and that Gambrell purchased with full knowledge of this agreement. It was never intended that a party obtaining land as a pre-emptor should not be able to convey it at will; on the contrary, the law even provides that it may be transferred before the right has been perfected. We perceive no reason why such a contract as that set up in the petition should be considered as violative of public policy; it does not propose or require that any of the requisites of the pre-emption law shall be dispensed with; no fraud is by reason thereof to be perpetrated upon the state; but the contract does contemplate the actual occupancy, improvement and cultivation of the land by Mrs. Shamblin.

We are of the opinion that the court erred in sustaining the exceptions to the petition and dismissing the suit, for which the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered June 9, 1882.]