## J. C. CHESTNUTT v. G. J. POLLARD.

### No. 6624.

**Practice.**—In a judgment rendered in the District Court the judgment entry contained the number of another cause pending. The defendant in the judgment wrongly numbered sued out a writ of error and filed a transcript which contained the petition, citation, and judgment in the other case, but which embraced neither the judgment described in the writ of error nor the pleadings in his case. The defendant in error filed a full transcript of the proceedings in the case having the wrong judgment number, and moved to consolidate the two proceedings. *Held:*

1. It was proper to consolidate.
2. An assignment of error based on the ground that because in the judgment entry

was found the number of another suit the judgment was a judgment in such other suit is frivolous. The names of parties, the petition, and subject matter of the judgment reveal the clerical error.

3. Even after the jurisdiction of the Supreme Court attaches by writ of error or appeal the trial court may, upon proper evidence, correct its minutes so as to present a true record of its action.

4. A judgment by confession is not erroneous for want of an affidavit of the justness of the debt, when the defendant has been served with process.

5. See facts showing that the judgment was not a judgment by confession.

ERROR from Clay. Tried below before Hon. B. F. Williams. The opinion discloses the case.

*J. C. Chestnutt,* for plaintiff in error.

*Jas. H. Burts,* for defendant in error.

GAINES, ASSOCIATE JUSTICE.—The appellee instituted a suit against appellant upon a promissory note and to enforce a vendor's lien for its payment. The number of this suit was 422. Cause No. 409 upon the docket of the same court was a suit for divorce, in which T. D. Morris was plaintiff and Joanna Morris was defendant. The plaintiff in the case first mentioned obtained a recovery, but in entering the judgment upon the minutes the number of the second suit was stated in the style of the cause. The plaintiff in error thereupon sued out this writ of error, complaining of the judgment of defendant in error against him, gave bond, and caused a writ of supersedeas to issue. He also filed in this court a transcript, which contains the petition, citation, and judgment in cause No. 409 of Morris v. Morris, but which embraces neither the judgment described in his writ of error nor the pleadings in the case in which that judgment was rendered. The defendant in error has filed a full transcript of the proceedings in his case and has moved the court to consolidate the two proceedings. The latter is evidently a more complete transcript than the former, and therefore the motion is granted.

The plaintiff in error first complains, in substance, that the court erred in rendering judgment against him in a suit in which he was not a party and in which he had neither been cited nor had appeared. This assignment is based upon the theory that because in the judgment entry the number of another suit was given in the style of the case it was a judgment in such other suit. The assignment is frivolous. The names of the parties and the subject matter of the judgment, in connection with the petition, show that the number stated was a mere clerical error and identify the case beyond any controversy. Besides, since the writ of error was sued out, upon motion of the plaintiff, the court below has made an order so amending the judgment as to give it the proper number.

It is insisted, however, that after the jurisdiction of this court attached

the court below had no power to correct the minutes. It is true that after an appeal or writ of error has been perfected the District Court has no further jurisdiction in the cause until it be remanded; but a court has authority upon proper proof to correct its minutes at any time so as to make them present a faithful record of its action. Cowan v. Ross, 28 Texas, 228; McNairy v. Castleberry, 6 Texas, 286; Russell v. Miller, 40 Texas, 495.

The defendant below had notice of the motion, and the entry upon the judge's docket showed conclusively that the amendment was proper. Ximenes v. Ximenes, 43 Texas, 458. We think, however, it was unnecessary.

There is no substance in the assignments of error presented in the brief; but defendant in error has suggested delay, and we have had some difficulty in determining whether we should not reverse the judgment upon the ground that it purports to be a judgment by confession, and that the justness of the debt was not sworn to by the plaintiff. Rev. Stats., art. 1347. But a judgment by confession is not erroneous for want of an affidavit of the justness of the debt when the defendant has been served with process. Gerald v. Burthee, 29 Texas, 202. No citation and service appear in the transcript, but since the rules require that they shall be omitted unless some question is made upon them, we will not assume that process was not issued and served. Rules of Dist. Cts., No. 82. The petition was filed February 10, the answer September 16, and the judgment rendered October 2, all in the same year. Besides, the judgment provides for a stay of execution for six months, and shows that it was rendered by agreement.

Under these circumstances, if it had appeared that no citation had been served, we should not hold that this was such a confession of judgment as was contemplated by the statute above cited. That provision was made in the interest of third parties, and its object was to prevent collusive judgments upon fictitious debts. It was intended to restrain parties who were pressed by their creditors from appearing in court without process and confessing judgments except upon bona fide obligations. The facts that the suit was brought long before the judgment, that an answer was filed, and that the judgment is the result not only of the defendant's admission of the correctness of the demand, but of his request for time, show that it was not a judgment by confession within the purview of the statute.

We find no error in the judgment, and it is affirmed without damages.

*Affirmed.*

Delivered April 29, 1890.