[Civil No. 507.    Filed July 20, 1897.]

[50 Pac. 113.]

## MICHAEL J. SULLIVAN, Defendant and Appellant, v. WILLIAM P. WOODS et al., Plaintiffs and Appellees.

1. FORCIBLE ENTRY AND DETAINER—ISSUES—RIGHT OF POSSESSION—PLEA TO JURISDICTION—TITLE INVOLVED.—Under an action for forcible entry and detainer, the only issue is right of possession, and it is not error for the justice of the peace to overrule a plea that the court had no jurisdiction of the case for the reason that the title to the property was involved.

2. MORTGAGES — DEED ABSOLUTE — SATISFACTION OF PRIOR MORTGAGE DEBTS—CONTEMPORANEOUS AGREEMENT TO RECONVEY—OPTION TO PURCHASE—EVIDENCE.—Where defendant, a mortgagor, in satis-

faction of his mortgage debt, gave a deed absolute to his mort-
gagees of the mortgaged property, and took at the same time an
agreement wherein the mortgagees bound themselves to allow him
to repurchase within six months for the amount of the indebted-
ness and to reconvey, he to have the use of the premises in the
mean time upon payment of fifteen dollars a month as interest,
and the evidence shows that at the time the deed was made
the note was surrendered and the mortgage cancelled, such agree-
ment is simply an option to purchase, the intention of all parties
as shown by the transfer being to save the expense of foreclosure.

3. MORTGAGE—ACTION TO DECLARE DEED ABSOLUTE MORTGAGE—EVIDENCE
   —PREPONDERANCE INSUFFICIENT.—A mere preponderance in the
   evidence is insufficient to prove a deed absolute on its face a mort-
   gage. It must be shown that it was executed, delivered, accepted,
   and intended as a mortgage by clear and certain and conclusive
   evidence.

4. COURTS — JURISDICTION — JUDGMENTS — APPEAL — POWER TO ALTER
   AFTER APPEAL DURING TERM.—A district court has power, after
   notice of appeal has been given and bond on appeal filed, at any
   time during the term at which a judgment has been entered, to
   set aside such judgment and enter such other judgment as is war-
   ranted by the law and the evidence.

   BAKER, C. J., dissenting.

APPEAL from a judgment of the District Court of the
First Judicial District in and for the County of Pima. Joseph
D. Bethune, Judge. Affirmed.

Statement of facts:—

This was an action of forcible entry and detainer, com-
menced before the justice of the peace of Tucson Precinct,
appealed to the district court. On the 17th of August, 1894,
Sullivan was indebted to the appellees in the sum of $1,361.
To evidence and secure this debt, appellees had the promissory
note of appellant and a mortgage on the real estate in con-
troversy. On said day, the debt being due and unpaid, pay-
ment was demanded, and appellant gave a deed, absolute in
its terms, to appellees, wherein he conveyed said real prop-
erty to them. At the same time appellees gave appellant back
an agreement, which is as follows: "Whereas, by deed bearing
date the seventeenth day of August, 1894, Michael J. Sullivan
sold and conveyed to William P. Woods and Reuben M. Al-
dridge those certain lots, numbered six (6), seven (7), ten
(10), and eleven (11), in block numbered ninety-four (94), in

the city of Tucson, according to the official map and survey of said city made and executed by S. W. Foreman, and approved by the mayor and common council of the said city of Tucson, then village of Tucson, June 26th, 1872, for value received it is hereby agreed by the said William P. Woods and Reuben M. Aldridge that the said Michael J. Sullivan has the right at any time within six months from the date hereof, upon the payment to the said William P. Woods and Reuben M. Aldridge of the sum of one thousand three hundred and sixty-one dollars lawful money of the United States, to repurchase the said described property, and the said William P. Woods and Reuben M. Aldridge hereby agree, upon the payment by the said Michael J. Sullivan, his heirs or assigns, to them, of the said sum of one thousand three hundred and sixty-one dollars lawful money of the United States, within six months from the date hereof, to reconvey by quitclaim deed the said described property to the said Michael J. Sullivan, his heirs or assigns.  Michael J. Sullivan is to have the use of the said-described property, and is entitled to the rents, issues, and profits thereof, subject to the monthly payment of fifteen dollars per month as interest, the said monthly payment of fifteen dollars per month to be paid on the seventeenth day of each month for the term of six months from the date hereof; and, should the said monthly payment of fifteen dollars per month, as aforesaid, remain due and unpaid at any time for sixty days, then, and in that event, this agreement and all previous payments made thereunder shall thereby become and be forfeited, and the said Michael J. Sullivan shall vacate the premises herein described, and render peaceable possession of the same to the said William P. Woods and Reuben M. Aldridge, and surrender this agreement.''    At the time of making said deed and agreement appellees returned the note to appellant, and released the mortgage.  Complaint in unlawful detainer was filed with the justice of the peace on the first day of March, A. D. 1895, alleging an oral lease was entered into on said 17th of August, 1894, whereby appellant leased of appellees for six months said real property at the rental of fifteen dollars per month, payable in advance; that by virtue of such lease appellant went into possession of said property, but, the lease having expired, appellees were entitled to the possession; that the rent due on the seventeenth day of February, 1895, was unpaid, and is due.    Therefore,

appellees demand possession of the premises, and a judgment
for fifteen dollars. To this complaint appellant filed a general
denial.

It appears in the record that appellant pleaded also that
the justice court in which the suit was brought had no juris-
diction of the case, for the reason that the question of the
title to said real property would be a question in the case;
and in support of such plea the agreement above stated was
filed in the case. This plea was overruled by the justice, the
case was tried, and judgment entered for appellees. The case
was appealed, then, to the district court. The district court
tried the case, and at the trial found that the deed and agree-
ment were contemporaneous, and, taken together, constituted
a mortgage, and ordered judgment in favor of the appellant.
A motion for a new trial was overruled by the court. Appel-
lees gave notice of appeal to this court, and filed their appeal
bond. The bond was approved by the clerk of the district
court. On the 28th of June, 1895, the day before the district
court finally adjourned for the term, said district court, on
its own motion, vacated the judgment rendered for appellant,
and rendered judgment in favor of appellees for possession
of the premises, and gave judgment for the sum of fifteen
dollars and costs. To this latter judgment appellant excepted,
filed his motion to set it aside, which was overruled, and ap-
peal was taken to this court.

C. W. Wright, for Appellant.

Thomas F. Wilson, Barnes & Martin, and Calvert Wilson,
for Appellees.

HAWKINS, J. (after stating the facts).—The appellant,
in the trial of the cause, claimed that the agreement above
stated was a defeasance, which changed the deed absolute,
executed by defendant to plaintiffs, to a mortgage. Under the
complaint and answer filed in the justice court the title to
the real property was not in question. The only issue to be
tried was the right of possession, and the justice correctly
overruled the motion. The defendant did not sign the writ-
ten agreement. It is by its terms simply an option permitting
defendant to repurchase the property within six months from
its date. In order for the deed, absolute on its face, with the

written instruments, to become a mortgage, they must show, when construed together, that the intention of the parties to both was to secure a debt. Jones on Mortgages, sec. 16, and cases there cited. It would hardly be seriously contended that appellees could have sued appellant for $1,361, and recovered judgment against him for such sum as a debt, for the reason that when he gave the deed the evidence of the debt was surrendered, and the mortgage canceled, and the instruments, construed together, show clearly that it was the intention of all the parties to save the expense of a foreclosure. The appellant pleaded the general issue, and introduced the said agreement, and contended, as stated, that these two instruments constituted a mortgage. Proof of all parties, both plaintiffs and defendant, was heard by the court. When there is a substantial conflict in the evidence, a mere preponderance of evidence is insufficient to prove that an absolute deed was a mortgage. It must be shown that it was executed, delivered, and accepted and intended as a mortgage by clear and certain and conclusive evidence. *Perot* v. *Cooper,* 17 Colo. 80, 31 Am. St. Rep. 258, 28 Pac. 391. "When the written papers do not show that security was meant, it is incumbent upon the party seeking to establish a mortgage to show that a mortgage was intended." *Gassert* v. *Bogk,* 7 Mont. 585, 19 Pac. 281. "For a deed, absolute on its face, to be declared a mortgage, the testimony must establish a clear case." *Ganceart* v. *Henry,* 98 Cal. 281, 33 Pac. 92; *Henley* v. *Hotaling,* 41 Cal. 22; *Hanford* v. *Blessing,* 80 Ill. 188. "A deed absolute on its face, given by A to B for real estate therein described, and a bond given by B to A agreeing to convey to A a portion of the same property at a stipulated time, although given on the same date, and for the same price, if not intended to be a mortgage, or security for money, by the parties themselves, and not appearing to be such on the face of the instruments, held to be an absolute bargain and sale, and not a mortgage." *Winters* v. *Swift,* 2 Idaho, 61, 3 Pac. 15. "To justify a court of equity in holding a deed absolute on its face to have been intended by its parties as a mortgage simply, the proof should be clear and satisfactory." *Albany Canal Co.* v. *Crawford,* 11 Or. 243, 4 Pac. 113. "One who, in the absence of fraud or false representations, has executed to a creditor a deed to certain property, and retained possession under a lease, the deed and lease

providing that the premises should be reconveyed to the tenant upon his payment of the rent and the debt which these instruments were given to secure, is estopped to deny such landlord's title in an action brought to recover the rent." *Knowles* v. *Murphy,* 107 Cal. 107, 40 Pac. 111.

The appellant also contends that the court below had no power to set aside the judgment for defendant, and give judgment for plaintiffs, after notice of appeal and bond had been filed. It might probably have been better practice for the court below to have vacated its order denying appellees' motion for a new trial, and to have granted the same. The court, however, retained power over the judgment during the term, and the order which it did make was made during the term; and in the term it has the right to amend, set aside, or annul all orders and decrees made in the case. This is an inherent power in the court, and cannot be abridged or lost by the act of either party in taking steps necessary to perfect an appeal. There is nothing to appeal from until the judgment and decrees of the court are irrevocable by the court which pronounced them. The judgment in the court below in this case was not irrevocable by that court until the close of the term in which the judgment was entered. *Manchester* v. *Herrington,* 10 N. Y. 164; *Chiniquy* v. *People,* 78 Ill. 570; 12 Am. & Eng. Ency. of Law, p. 90, and cases cited; *Barrell* v. *Tilton,* 119 U. S. 637, 7 Sup. Ct. Rep. 332; 25 Am. & Eng. Ency. of Law, p. 120, and cases cited. An examination of the evidence in the case shows us that the judgment of the lower court is fully sustained.

The only question under the pleadings was the right of possession. There is no evidence that a full and ample consideration was not paid by appellees to appellant for the property. There is no allegation of fraud or false pretense on the part of the appellees in the transaction. The appellant appears to have received full consideration for the premises, and he did not pay the amount stipulated for the use of the premises. The fact that the agreement says that the said appellant is to have the use of the property subject to a monthly payment of fifteen dollars per month as interest, when construed with the deed and instrument, does not make any difference. It was clearly the intent of the parties that it should be for the use of these premises. The appellant has

not undertaken to pay the amount of $1,361, nor does he offer to do so. We see no substantial error in the record, and the judgment is therefore affirmed.

Rouse, J., concurs.

BAKER, C. J.—I dissent. The record shows that the appellant recovered judgment against the appellees in the suit on May 3, 1895, to the effect that the agreement was in writing, and that the same constituted a mortgage, and that suit was prematurely brought, and that the appellees take nothing by their action; that on May 4, 1895, the appellees made their motion for a new trial, which motion was argued, and overruled by the court on May 15, 1895; that on May 23d the appellees gave notice in open court of an appeal to this court, and on May 24, 1895, filed their bond on appeal, which bond was duly approved and accepted; that upon May 28th the court, upon its own motion, set aside and vacated the judgment so appealed from, and rendered another judgment in the suit for the appellees and against the appellant to the effect that the appellees recover possession of the premises, etc. The court finally adjourned thereafter. The court plainly erred in vacating the first judgment. The effect of the appeal was to invest this court with all jurisdiction over the cause, and deprive the district court of any jurisdiction thereover. This is a well-established rule, and is directly recognized by our statute. "When the bond or affidavit in lieu thereof provided in the preceding sections, has been filed and the previous requirements of this act have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected." Rev. Stats. Ariz., par. 861. "Upon the filing of the bonds mentioned in the two preceding sections the appeal or writ of error shall be held to be perfected, and the execution of the judgment shall be stayed, and should execution have been issued thereon, the clerk shall forthwith issue a *supersedeas*." Rev. Stats. Ariz., par. 865. The following authorities abundantly sustain this view: 1 Black on Judgments, sec. 243; 2 Hayne on New Trial and Appeal, par. 224; 2 Ency. Pl. & Prac. 327; *Keyser* v. *Farr*, 105 U. S. 265; *Boynton* v. *Foster*, 7 Met. (Mass.) 415; *Ladd* v. *Couzins*, 35 Mo. 513; *Burgess* v. *Donoghue*, 90 Mo. 299, 2 S. W. 303; *Allen* v. *Allen*, 80 Ala. 155; *Bryan* v. *Berry*, 8 Cal. 130; *Kimberly* v. *Arms*, 40 Fed.

548; *Chestnutt* v. *Pollard,* 77 Tex. 86, 13 S. W. 852. Upon an examination of the authorities cited in the main opinion, it will be found that none of them sustain that opinion upon this point. The question is not even involved in them, and I can only account for their use as being an unintentional misquotation.