### KING v. MURRAY.†

(Court of Civil Appeals of Texas.   Feb. 1, 1911.   On Motion for Rehearing, March 15, 1911.)

1. FRAUDS, STATUTE OF (§ 148*) — PLEADING CONTRACT WITHIN STATUTE—SUFFICIENCY.

A pleading declaring on a contract required by the statute of frauds to be in writing is good, though it does not allege that the contract was in writing, unless it affirmatively appears from the pleading that the contract was in parol.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 353, 354; Dec. Dig. § 148.*]

2. APPEAL AND ERROR (§ 173*)—STATUTE OF FRAUDS—WAIVER.

A party, who in no manner or form interposes on the trial the statute of frauds in avoidance of the contract relied on by the adverse party, waives his immunity under the statute.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1101; Dec. Dig. § 173.*]

3. APPEAL AND ERROR (§ 302*)—NEW TRIAL.—GROUNDS.

Where neither the application for a new trial nor the statement of appellant's brief showed that a question was raised by the motion for new trial, the question was not reviewable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

4. APPEAL AND ERROR (§ 173*) — QUESTIONS REVIEWABLE — QUESTIONS NOT RAISED IN TRIAL COURT.

An objection to the sufficiency or validity of notes which defendant tendered to plaintiff in court for the land plaintiff was required by the decree to convey to defendant cannot be raised for the first time on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1120; Dec. Dig. § 173.*]

5. APPEAL AND ERROR (§ 223*) — PRESENTATION OF MATTERS IN TRIAL COURT—DECREE—REQUISITES.

The court decreeing specific performance may fix the time within which the decree shall be performed, and, when the time fixed is not reasonably sufficient for a party to perform the act required of him without working injustice to him, he must, when the decree is announced, ask for an extension of time, and when he fails to do so the court on appeal cannot disturb the decree.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1338–1352; Dec. Dig. § 223.*]

6. APPEAL AND ERROR (§ 440*)—EFFECT OF APPEAL—CORRECTION OF JUDGMENT—POWER OF COURT.

The trial court decreeing a conveyance of land may in vacation, even after the perfecting of an appeal, correct the description in the decree so as to identify the land.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2198–2201; Dec. Dig. § 440;* Judgment, Cent. Dig. § 585.]

### On Motion for Rehearing.

7. APPEAL AND ERROR (§ 1151*)—QUESTIONS REVIEWABLE — OBJECTIONS TO DECREE OF SPECIFIC PERFORMANCE.

Where a party praying for the specific performance of a contract offered to do equity, and the adverse party was entitled under the contract to interest from its date thereof, the court on appeal from a decree granting specific performance could correct the decree so as to award interest from the date of the contract.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4502; Dec. Dig. § 1151.*]

Appeal from District Court, Gonzales County; M. Kennon, Judge.

Consolidated actions by G. H. King against John C. Murray. From a judgment for defendant, plaintiff appeals. Reformed and affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court April 19, 1911.

Thos. McNeal, for appellant. Rainbolt & Blanton and W. D. C. Jones, for appellee.

NEILL, J. Two separate suits were brought by appellant against the appellee on two series of promissory notes executed by appellee, which were held and owned by the former under transfers and assignments from the respective payees. Appellee's defense to each suit being the same, they were consolidated by an order of the court and tried as one.

The appellee did not deny the execution of the several notes, nor the payees' assignment of them to appellant, but sought to avoid their payment by specially pleading, substantially, as follows: That in the spring of 1908 H. C. Nichols owned certain real estate situated in Gonzales county and certain vendor's lien notes on land situated in said county which plaintiff was desirous of purchasing, worth then and now $3,000; that plaintiff then proposed to defendant that if he would assist him in buying said notes and real estate from Nichols he would take up the notes sued on in this case and the one consolidated with it, and permit defendant to convey the property for which they were given to him, and would then reconvey it to defendant on credit for a consideration of $800, to be paid in eight annual installments of $100 each, with 10 per cent. interest from date thereof, plaintiff to retain a vendor's lien on the property to secure the purchase price, whereupon plaintiff, when he purchased the notes sued upon herein, was to surrender them all to defendant; that defendant accepted said proposition, and relying thereon did aid and assist plaintiff in purchasing from H. C. Nichols the property and notes which he, King, desired; that the aid and assistance so rendered by defendant to plaintiff enabled the latter to purchase said notes and real estate, and was the consideration for said contract between plaintiff and defendant, the latter having originally bought the lots from H. C. Nichols, for which the notes sued on were given, and has continuously remained in possession of the same. That Nichols was in need of money during the year 1908, and proposed to defendant to discount all the notes sued on to him for the sum of $1,150, and that plaintiff proposed to defendant that if he, defendant, would not accept the offer of Nichols to take said sum in settlement of the notes, he would be obliged to sell the property and notes which plaintiff was desirous of buying, and assured defendant that he, plaintiff, would purchase the same from Nichols and execute to and carry out with defendant the contract above mentioned; and that defendant, relying upon such contract and agreement with plaintiff, forbore to avail himself of the option to settle his indebtedness on said notes with Nichols for said sum of $1,150. That had defendant availed himself of said offer of Nichols, which he would and could have done but for said agreement with plaintiff, he would have saved himself more than $300 and the attorney's fees now claimed by plaintiff as due on the notes. But that, relying on said agreement with plaintiff, defendant refused to accept the proffered discount from Nichols, and aided and assisted plaintiff in purchasing the notes and real estate before mentioned, which were at that time owned by said Nichols, which by defendant's aid plaintiff afterwards purchased, but could not have done were it not for defendant's refusal to accept Nichols' proposition to discount the notes sued on, as before stated. That defendant is ready and willing, and has ever been, to fully perform his contract with plaintiff, and to execute his part of the same, and now proffers in court to sign all necessary notes and papers in accordance therewith, on plaintiff's delivering him a deed of conveyance of the property on which the vendor's lien notes sued on are sought to be foreclosed. The answer closes with a prayer that, in the event plaintiff refuses to accept defendant's proffer therein made, plaintiff take nothing by his suit, and defendant have judgment against him for specific performance of his contract pleaded, and that unless plaintiff deliver defendant his deed to the property involved he take nothing by his suit; that defendant recover his costs and have equitable and general relief.

The plaintiff, by supplemental petition, interposed a general demurrer and denial; and, specially replying to defendant's answer, averred that defendant was wholly insolvent in 1908, and wholly unable to carry out any land sale involving the sum of $1,100.

The case was tried before a jury, who returned a verdict finding that defendant is entitled to have contract specifically enforced, upon which a decree, after reciting the verdict, was entered which is as follows: "It is therefore ordered, adjudged, and decreed by the court that defendant, John C. Murray, do have specific enforcement of his contract pleaded in his first amended original answer, and the defendant having tendered into court to plaintiff, G. H. King, a good and sufficient deed to the following property, lots 4 and 5 in block 4, Badger's addition to the town of Gonzales, and part of lot 1, range 3, East Water street, outer town of Gonzales, Gonzales county, Texas, and having also tendered eight vendor's lien notes of $100 each, due, respectively, 1, 2, 3, 4, 5, 6, 7, and 8 years from date, payable to G. H. King, or order, at Gonzales, Texas, with 10 per cent. interest from date, payable annually, and providing for 10 per cent. attorney's fee, providing that failure to pay any note or any installment of interest shall mature them all at the option of the holder, which deed and notes defendant tendered, it is then ordered and decreed by the court that plaintiff G. H. King make, execute, and deliver to said John C. Murray a good and

sufficient deed to lots 4 and 5, Badger's addition to the town of Gonzales, and part of lot 1, range 3, East Water street, outer town of Gonzales, retaining a vendor's lien to secure the payment · of the above-described notes, according to the face and tenor thereof, but that unless plaintiff, G. H. King, makes, executes, and delivers his deed as aforesaid within 30 days from and after adjournment of this court and accepts the deed and notes tendered by defendant, John C. Murray, which are to be delivered to plaintiff on his execution of his deed as above required, plaintiff take nothing by his suit. It is further ordered, adjudged, and decreed that plaintiff, G. H. King, recover nothing of defendant, John C. Murray, as to the notes sued on, otherwise than as stated, and that defendant have and recover of plaintiff all costs in this behalf expended, for which let execution issue."

From this decree, the plaintiff has appealed, having perfected his appeal by filing his bond on February 14, 1910. After the appeal was perfected, the defendant, Murray, on October 21, 1902, filed a motion to correct the judgment by having the land, which is the subject of the decree, more specifically described. After plaintiff was duly served with the motion and notified of the time and place fixed by the judge of the court for its hearing, the motion was heard by the court in chambers, both parties appearing, in vacation, on October 29, 1910, and an order was entered nunc pro tunc correcting the judgment in the description of the land, as prayed for.

As the sufficiency of the evidence to prove the contract averred in defendant's first amended original answer was not assailed in plaintiff's motion for a new trial, nor attacked by any assignment of error, unless, from the nature of such contract it was essential under the statute of frauds for it to be in writing, we may assume, without going into and discussing the evidence, that such contract was proved as alleged.

The first assignment of error complains of the court's overruling plaintiff's special exception to defendant's first amended original answer, which was to the effect that it did not appear from its allegations that such contract was in writing, and therefore not within the statute of frauds. Nothing is better settled as a rule of pleading than that, in declaring upon a contract required by the statute of frauds to be in writing, it is not essential to the validity of the pleading that it should aver that such contract was in writing, unless it affirmatively appears from the pleading that the contract was in parol. Murphy v. Stell, 43 Tex. 133; Thomas v. Hammond, 47 Tex. 42; Lewis v. Alexander, 51 Tex. 578; Horm v. Shamblin, 57 Tex. 243; Robb v. San Antonio St. Ry., 82 Tex. 392, 18 S. W. 707; Booher v. Anderson, 86 S. W. 956; Bringhurst v. Texas Co., 39 Tex. Civ.

135 S.W.—17

App. 500, 87 S. W. 896; International Harvester Co. v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 93.

Since the question as to whether the contract between plaintiff and defendant was within the statute of frauds was not raised, either by the pleadings, objections to the admission of evidence, or in any manner on the trial, we need not consider it further. For, if the setting up a contract affecting real estate does not disclose that it is oral, and the opposite party in no manner or form interposes the statute of frauds in avoidance of it, his immunity thereunder will be considered as waived. International Harvester Co. v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 93, and authorities cited. If the question concerning the application of the statute of frauds to the contract could for the first time be injected into a case on a motion for a new trial, it is sufficient to say in disposing of the second assignment it does not appear, either from the application for a new trial or from the statement of appellant's brief under the assignment, that such a question was raised by the motion.

It was wholly immaterial to any issue in this case whether defendant refused, during the year 1908, to pay plaintiff a debt of $125, and that the latter was compelled to collect it by suit, or not. Therefore the court correctly refused to admit such evidence, which is complained of in the fourth assignment of error.

No objection was urged upon the trial of the case as to the amount, form, sufficiency, or validity of the notes which the defendant tendered plaintiff in court for the land the latter was required by the decree to convey to the defendant. Had such objection been made the defect in the notes, if there were any, could and doubtless would have been corrected. It is too late to make such objection for the first time on appeal. We therefore overrule the fifth assignment of error.

We can perceive no error in the court's so framing the decree as to require the plaintiff to execute the deed and receive the notes tendered within 30 days from the entry of judgment. It was within the equitable power of the court to determine and fix the time within which its decree should be performed. If the time so fixed was not reasonably sufficient for plaintiff to perform his part of it without working him injustice, he should, when the judgment was announced as to the time for the performance of the contract, have asked that it be prolonged to such a date as would be equitable to both himself and the defendant. Having failed to do so, or to advance any matters tending to show that the decree is inequitable in this regard, we are without authority to disturb it.

When the decree is construed in the light of the pleadings, we think it sufficiently describes the land involved as to identify and makes certain what property the plaintiff

was required to convey; for the original petitions of the plaintiff on the vendor's lien notes given by defendant for the land now involved sufficiently describe the land to render an effective decree of foreclosure of such lien. But if the description in the decree as originally entered was insufficient to identify the land, this defect was obviated by the order of the court entered in vacation, correcting it by fully and specifically describing the premises. That such a correction can be made after adjournment in vacation, even after an appeal is perfected, is too well settled to admit of discussion. Rev. St. art. 1357; El Paso & N. E. Ry. v. Campbell, 45 Tex. Civ. App. 231, 100 S. W. 170; Taylor v. Doom, 43 Tex. Civ. App. 59, 95 S. W. 5; Chestnutt v. Pollard, 77 Tex. 86, 13 S. W. 852; Russell v. Miller, 40 Tex. 500; Ft. W. & D. C. Ry. v. Roberts, 98 Tex. 42, 81 S. W. 25.

No error is assigned requiring a reversal of the judgment, and it is affirmed.

### On Motion for Rehearing.

In this motion it is contended that we erred in overruling appellant's motion for a new trial in that the notes tendered plaintiff and mentioned in the judgment are insufficient in amount under the pleadings and evidence of the defendant, and if plaintiff is compelled to perform the judgment as entered he will be deprived of more than onehalf year's interest. It is insisted that, in the event we should adhere to our ruling on this assignment, the judgment of the lower court should be reformed so as to allow appellant interest from the date of the contract, which the judgment requires to be specifically performed. In the original opinion we held that, inasmuch as no objection was urged on the trial of the case as to the amount, form, sufficiency, or validity of the notes tendered plaintiff, it was too late to make it for the first time on appeal. The proper practice would have been to make the objections during the progress of the trial, rather than upon a motion for a new trial; or, if not made during the trial, the plaintiff in his motion for a new trial should have asked, in the event of its being overruled, that the correction be made as is asked here. But, inasmuch as he who asks equity must do equity, which was proffered by defendant in his answer praying for a specific performance of the contract and as by the terms of the contract the plaintiff was entitled to interest on the notes from its date, which was, according to defendant's testimony, April 30, 1908, we think the proper decree on the verdict, which is "Defendant is entitled to have contract specifically enforced," should be to allow interest on the notes for $800, at the rate of 10 per cent. per annum from April 30, 1908. We will, therefore, reform the judgment so as to make the notes men-

tioned therein bear interest from such date. As thus reformed, the judgment is affirmed, and the motion overruled at appellant's costs.