NATIONAL SURETY CO. v. MURPHY.
(No. 8204.)

(Court of Civil Appeals of Texas.　Dallas.
Oct. 18, 1919.)

1. INSURANCE ⬉84(6)—EVIDENCE ADMISSIBLE IN ACTION FOR COMMISSIONS.

An allegation that a surety company's representative agreed to pay a certain commission to its agent on certain business obtained by him would have permitted proof either of an oral or written agreement.

2. FRAUDS, STATUTE OF ⬉50(1) — AGREEMENTS PERFORMABLE WITHIN ONE YEAR.

An agreement by a surety company executing certain bonds to pay its agent annually while the bonds were in force a specified commission was without the statute of frauds, as one performable within one year in the contingency that only one annual premium on the bonds should be paid.

3. FRAUDS, STATUTE OF ⬉49—AGREEMENTS PERFORMABLE WITHIN ONE YEAR.

An agreement by a surety company executing bonds to pay its agent procuring the business a specified commission annually while the bonds were in force was without the statute of frauds as one performable by one of the parties within one year, being already performed by the agent.

4. INSURANCE ⬉22—NECESSITY OF LICENSE OF FOREIGN INSURANCE COMPANY AGENT.

One licensed to solicit insurance as agent under Vernon's Sayles' Ann. Civ. St. 1914, art. 4960, need not procure an additional license as agent of a particular company under article 4970, requiring agents of foreign companies to be licensed.

Appeal from Dallas County Court; T. A. Work, Judge.

Action by M. Murphy against the National Surety Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Brook, Worsham & Graham, of Dallas, for appellant.

Cockrell, Gray, McBride & O'Donnell, of Dallas, for appellee.

RASBURY, J. This is an appeal from the judgment of the court awarding appellee $450 and interest, found by the court to be due as commissions earned by appellee in inducing Strickland and Hobson to permit appellant company to issue its guaranty bond in favor of the city of Dallas, by which the appellant company, in consideration of the payment of certain annual premiums, by Strickland and Hobson, guaranteed the performance by the latter of certain undertakings with the city.

Complaint is made of the action of the court in overruling appellant's general demurrer. In that connection appellee alleged in substance that the city of Dallas had granted Strickland and Hobson certain light and street railway franchises in consideration, among other things, that Strickland and Hobson would faithfully perform certain other contracts with the city, such performance to be secured by the execution of guaranty bonds, and that said Strickland and Hobson, being eminently solvent, and the premiums and agency commissions thereon being large and desirable, various surety companies were seeking the business through their agents, among them appellee M. Murphy, Verschoyle-Cunningham Company, and Seay, Hall & Sliney; and that while the matter was pending the agents enumerated, together with Strickland and Hobson, and E. L. Early, the general manager and superintendent in Texas of appellant, National Surety Company, met to consider the making of such bonds, at which time J. F. Strickland, "speaking for himself and said Hobson," declared it would be satisfactory for appellant, National Surety Company, to issue the bonds "provided the agency commissions were divided equally between Seay, Hall & Sliney, Verschoyle-Cunningham Company and plaintiff" (appellee), to which said Early, for appellant National Surety Company, "then and there stated and agreed that such an arrangement and agreement was entirely satisfactory" to appellant, and "then and there agreed on behalf of National Surety Company to pay the full commission of $1,500 annually, while the bonds were in force," in equal portions to said several agents. The petition does not allege when the bonds were executed; in fact, does not allege they were executed, but does assert that while "the National Surety Company did pay said commissions to the parties above mentioned, including plaintiff, * * * on the basis * * * set forth," for the first year, it refused to pay appellee his agency commission from the second annual premium, though said premium was paid by Strickland and Hobson. It is contended that the general demurrer should have been sustained for the reason that it appears from the petition that the contract to pay appellee his portion of the annual premium is void because within that subdivision of the statute of frauds which provides:

"No action shall be brought upon any agreement which is not to be performed within the space of one year from the making thereof" unless in writing, etc.

[1] The pleading alleges neither that the agreement was in writing or oral. It merely avers that the agreement was reached, and

after Early, the agent for appellant, had stated it was satisfactory, he "did then and there agree for and on behalf of National Surety Company to pay the full commission of $1,500 annually, while the bonds were in force" equally to the specified agents. The pleading as framed would have permitted proof either of an oral or written agreement. King v. Murray, 135 S. W. 255.

[2] The contract as alleged is also in our opinion one that comes within the rule stated in Railway Co. v. Wood, 88 Tex. 191, 30 S. W. 859, 28 L. R. A. 526, in that by implication the contract discloses a contingency that would make the contract performable within a year. A fair statement of the pleading is that out of each annual premium paid by Strickland and Hobson to appellant upon the guaranty bond to the city appellant would pay appellee the agreed commissions. If Strickland and Hobson did not pay the second annual premium, the contract would be performed in one year. If their contract with the city was concluded within one year, there would be no further premiums, and hence no commissions, and as a consequence the contract would be performed within one year.

[3] The contract is also, in our opinion, without the statute under the rule stated in City of Tyler v. St. L. S. W. Ry. Co., 99 Tex. 491, 91 S. W. 1, 13 Ann. Cas. 911. It was held in that case that an oral contract that was capable of being performed and in fact was performed by one party within the space of one year, though incapable of performance by the other party within such period, is without the statute of frauds requiring agreements not to be performed within one year to be in writing. The pleading in the present case discloses that appellee's part of the contract—that is, securing for appellant the business of making the surety bond for Strickland and Hobson—could have been and was performed within one year.

[4] By special exception appellant urged that appellee was not entitled to recover his commissions for the reason that it did not appear from his pleading that he had been licensed by the commissioner to solicit bonds for appellant. The pleading does not allege that appellee was licensed to represent appellant. It does allege, however, that appellee was licensed by the Commissioner of Insurance to solicit every character of insurance, including surety and guaranty bond insurance. Article 4960, Vernon's Sayles' Civ. Stats., declares it to be unlawful for any person within the state to act as agent or otherwise in soliciting or receiving applications for insurance of any kind whatever for domestic or foreign companies without first procuring a certificate of authority to do so from the Commissioner of Insurance, etc. Having procured the certificate required, persons would, of course, be authorized to do the things otherwise forbidden. As we have said, appellee alleged the possession of such certificate. Appellant urges, however, that article 4970 requires agents to be licensed by every insurance company for which he solicits before he is entitled to recover his commissions. The article relied upon provides in substance that every foreign company admitted to the state shall in the manner prescribed designate and empower some person to employ its agents and solicitors, any agents or solicitors appointed by such designated person to be submitted to the Commissioner of Insurance, to whom, if they be of good reputation and character, there shall be issued certificates of authority, etc. The obvious purpose of the article in our opinion is to afford the commissioner the right to refuse licenses to persons who in his opinion are not reputable. It can hardly be said to destroy the authority conferred by article 4960.

The judgment is affirmed.