J. S. MOSSELLER v. W. T. S. DEAVER et al.

*Forcible Entry—Trespass—Peaceable Possession—Charge of the Judge—Nominal Damagss.*

1. A. went into possession of land in 1884. In March, 1887, B. entered, after notice to A. to quit, but agreed A. should hold until October of that year. A. held until March, 1888, when B. entered and forcibly ejected him. In an action for damages for trespass, the Court charged the jury that if A. was not B.'s tenant, the latter and those acting under him had a right to go on the premises and put A. out by force, if no more force was used than was necessary for that purpose: *Held*, that such charge was error.

2. Such forcible entry is opposed to public policy, and is made a criminal offence by statute.

3. The occupant can recover of the owner for forcible entry only such damages as accrued to him through injury to his person or property by the wrongful invasion thereof—nominal damages for the trespass, and exemplary damages when it is proper to allow them; not having the title, he cannot recover for injury to the land.

4. Exemplary damages are awarded if the unlawful act be done in a wanton and reckless manner.

5. Forcible entry upon the lands of another, who is in peaceable possession, is unlawful, and this without reference to the amount of force used.

MOSSELLER *v.* DEAVER.

This was a CIVIL ACTION for damages for trespass, tried at August Term, 1889, of BUNCOMBE Superior Court, before *Clark, J.*

The facts are set out in the opinion.

*Mr. T. F. Davidson,* for plaintiff.
*Mr. M. E. Carter,* for defendants.

SHEPHERD J.: The plaintiff had been in possession of the strip of land in controversy from 1884 to March 1888. Whether he entered under the defendant Wilson, the owner, and terms under which he entered, are disputed questions. It is admitted, however that in March, 1887, Wilson, after giving the plaintiff notice to quit, agreed that he should remain upon the land until the succeeding October. The plaintiff continued in possession until March, 1888, when, without any further notice, he was forcibly ejected by the *feme* defendant Deaver, a negro, who was acting under the direction and authority of the said Wilson. The entry was made while the plaintiff was in the actual possession of his house, and in his presence, and was done under such circumstances as to constitute a forcible entry under the statute, if not indeed an indictable forcible trespass. His Honor charged the jury that if the plaintiff was not the tenant of Wilson, the latter, and those acting under him, " had the right to go there and put him out by force, if no more force was used than was necessary for that purpose." Under the circumstances of this case (the plaintiff not being a recent trespasser or intruder) we cannot approve of the instruction given, as it is not only opposed to the public policy, which requires the owner to use peaceful means or resort to the Courts in order to regain his posssession, but is directed, contrary to a statute which condemns the violent act as a criminal offence.

In *Dustin* v. *Cowdry*, 23 Vt., 631, REDFIELD, J., said:
" We entertain no doubt that such a principle of law * * *
did exist in England from the time of the Norman Con-
queror until the Statute of 5, of Richard II, ch. 8, of Forcible
Entry and Detainer, a period of nearly three hundred years
* * * and it is certain, we think, that such a mode of
reducing rights of action to possession is more suited to the
turbulence and violence of those early times, when no man,
whose head was of much importance to the State, felt secure
of retaining it upon his shoulders for an hour, than to the
quiet and order and general harmony of the nineteenth
century * * *. But as men advanced towards equality,
and claimed to have their rights respected and guaranteed
to them, and more carefully defined, this state of law became
intolerable and was among the first to be abrogated by Par-
liament." This was done by the Statute of 5, Richard II,
which is substantially enacted in North Carolina (*The Code*,
§1028), and in many other States of this Union. " A con-
trary rule," says LAWRENCE, J., in *Reeder* v. *Purdy* (41 Ill.,
279), "befits only that condition of society in which the
principle is recognized that—

> ' He may take who has the power ;
> He may keep who can.'

If the right to use force be once admitted, it must neces-
sarily follow, as a logical sequence, that so much may be
used as shall be necessary to overcome resistance, even to
the taking of human life."

Nearly all the authorities agree that such forcible entries
on the part of the owner are unlawful, but there is a great
diversity as to whether an action of trespass *quare clausum
fregit* may be maintained, and also whether the defendant
can justify under the plea of *liberum tenementum*.

ERSKINE, J., in *Newton* v. *Harland*, 39 E C. L., 581, said that "it is remarkable that a question so likely to arise should never have been directly brought before any of the Courts sitting in Banc" until that case, which was tried in 1840; and it is also worthy of remark that RUFFIN, C. J., in *State* v. *Whitfield*, 8 Ired., 317, regarded it as still an open question in North Carolina.

In the conflict of authorities, we must adopt that rule which, in our judgment, rests upon the sounder reason. This is so well expressed by the Court in *Reeder* v. *Purdy*, *supra*, that we will reproduce the language of the learned Justice who delivered the opinion. He says: "The reasoning upon which we rest our conclusion lies in the briefest compass, and is hardly more than a simple syllogism. The statute of forcible entry and detainer, not in terms, but by necessary construction, forbids a forcible entry, even by the owner, upon the actual possession of another. Such entry is, therefore, unlawful. If unlawful, it is a trespass, and an action for the trespass must necessarily lie. * * * Although the occupant may maintain trespass against the owner for a forcible entry, yet he can only recover such damages as have directly accrued to him from injuries done to his person or property through the wrongful invasion of his possession, and such exemplary damages as the jury may (under proper instructions) think proper to give. But a person having no title to the premises clearly cannot recover damages for any injury done to them by him who has the title." He may, however, says the Court, recover nominal damages in all cases of forcible entry and detainer, and this, in our opinion, is the correct view of the law. It is strongly sustained in *Newton* v. *Harland*, *supra*, though the point is not distinctly decided. In that case, BOSONQUET, J., agreeing with TINDALL, C. J., in holding that "if the act be expressly prohibited by statute, it must * * * be illegal and void." See

106—32

also Cooley on Torts, 323, 324. Our conclusion, therefore, is that there having been a forcible entry upon the peaceable possession of the plaintiff, he is entitled to recover nominal damages for the trespass. He is also entitled to recover damages for any injury inflicted upon his person, his furniture, his tools, and even his house, if it is a fixture only. There may also be awarded exemplary damage, if the unlawful act be done in a wanton and reckless manner. The complaint alleges such injuries, and it was error on the part of the Court in making the case turn upon the question whether the force used was necessary to the expulsion of the plaintiff, as we have seen that the forcible entry was unlawful, without reference to the amount of force necessary to effectuate the purpose of the plaintiff. We are also of the opinion that the incompetent collateral matter admitted by the Court must have had a prejudicial effect against the plaintiff.

For the reasons given there must be a new trial.

Error.