[Civil No. 367.   Filed January 18, 1894.]

[35 Pac. 1059.]

JOHN BISHOP, Plaintiff and Appellant, v. E. B. PERRIN, Defendant and Appellee.

1. ACTION TO QUIET TITLE—NATURE—POSSESSION IMMATERIAL—LAWS ARIZ. 1891, P. 66, CITED.—The action to quiet title is the ordinary means of trying a disputed title between two opposite claimants. In it the question of possession is immaterial, for it may be maintained by one either in or out of possession, and against one who claims an interest adverse, whether the adverse claimant be in or out of possession. Statute, *supra,* cited.

2. FORCIBLE ENTRY AND DETAINER—NATURE—ISSUE—POSSESSION—REV. STATS. ARIZ. 1887, PAR. 2016, CITED.—In forcible entry and detainer, the right to present and immediate actual possession is the only question for adjudication. Statute, *supra,* cited.

3. RES JUDICATA—LIMITED TO MATTERS PROPERLY LITIGATED IN SUIT.—
   No judgment can be *res judicata* as to matters which the defendant
   had no legal right to have litigated or directly passed upon in that
   suit.

4. SAME—PLEA IN BAR—JUDGMENT IN FORCIBLE ENTRY AND DETAINER
   NOT GOOD IN BAR OF ACTION TO QUIET TITLE.—A judgment in an
   action of forcible entry and detainer is no bar to an action to quiet
   title to the same property.

5. SAME—SAME—JUDGMENT IN SUIT TO DECLARE SUCH JUDGMENT IN
   FORCIBLE ENTRY AND DETAINER VOID NO BAR TO ACTION TO QUIET
   TITLE.—A judgment in a suit to declare a judgment of forcible
   entry and detainer respecting certain property void, and to restrain
   the issuing of a writ of restitution thereunder is not a good plea
   in bar to an action to quiet title to the same property, as in the
   injunction proceedings the title was in no way involved, except inci-
   dentally.

APPEAL from a judgment of the District Court of the
Fourth Judicial District in and for the County of Coconino.
Edmund W. Wells, Judge. Reversed.

The facts are stated in the opinion.

Herndon & Hawkins, and Norris & Ellinwood, for Appel-
lant.

Stewart & Doe, and Baldwin & Johnston, for Appellee.

BAKER, C. J.—The appellant filed his complaint in the
lower court, being in form an action to quiet title to certain
premises. The appellee answered, disclaiming all interest,
title, or right in the premises described in the plaintiff's com-
plaint, except as to a portion thereof, designated as "Bishop's
Lake." This he claimed, and to plaintiff's cause of action
respecting such portion of the premises he pleaded in bar two
judgments—one being a judgment rendered against appel-
lant and in favor of the appellee in an action of forcible
entry and detainer for the same premises, obtained before a
justice of the peace, and being affirmed upon appeal; the other
being a judgment of the district court dismissing a bill and
denying an injunction to declare the same judgment in for-
cible entry and detainer void and to restrain the issuing of
a writ of restitution thereunder. These pleas in bar were sus-
tained by the lower court, and whether or not this constitutes

error is the main contention here. The action to quiet title is an ordinary means of trying a disputed title between two opposite claimants. Pomeroy's Remedies and Remedial Rights, p. 423. The question of possession cuts no figure, for it may be maintained by one either in or out of possession, and against one who claims an interest adverse, whether the adverse claimant be in or out of possession. Sess. Laws Ariz. 1891, p. 66. In this action title is the main inquiry. But our statute expressly declares: "On the trial of any case of forcible entry or of forcible detainer, under the provisions of this act, the only issue shall be as to the right of actual possession; and the merits of the title shall not be inquired into." Rev. Stats., par. 2016. In forcible entry and detainer the right to present and immediate actual possession is the only question for adjudication. The statute is a conservator of the peace. It is too clear to require any citation of authorities that no judgment can be *res judicata* as to matters which the defendant had no legal right to have litigated or directly passed upon in that suit. The appellant, as we have just seen, by virtue of an express statute, could not, and as a matter of fact the title of "Bishop's Lake" was not, adjudicated in the forcible entry and detainer suit between the parties, and it was manifest error for the court to find in favor of the plea in bar. In the injunction proceedings the title was in no way involved, except it be incidentally. It was an effort to declare a judgment void, and restrain process thereunder. We do not think it concludes the appellant in this action, which is, as we have seen, an action to adjudicate title to the premises. The judgment might have been void independent of the title. The judgment is reversed, and a new trial ordered.

Sloan, J., and Rouse, J., concur.

Hawkins, J., not sitting.