167 P.2d 394

**OLDS BROS. LUMBER CO. v. RUSHING et al.**

No. 4840.

Supreme Court of Arizona.

March 25, 1946.

200

P. H. Brooks, of Winslow, for appellant.

No appearance for appellees.

THOMAS, Superior Judge.

As the appellant was the plaintiff in the lower court it is more convenient to refer to the parties hereafter as the plaintiff and defendants, respectively.

The plaintiff filed its action of forcible detainer in the Justice Court of Winslow No. 2 Precinct, County of Navajo, against the defendants C. A. Rushing and Emmett Sieck. It is alleged in its complaint it was the owner of certain described property in the City of Winslow, Arizona, and that the defendant Rushing had been a tenant at sufferance in said premises for quite some time; that, prior to the filing of the complaint, the plaintiff demanded that the defendant either vacate said premises or commence the payment of rent at Twenty Dollars ($20) per month, which the defendant promised and agreed to pay, but failed to carry out his promise in that regard, and concluded with a prayer for judgment for the possession of the premises. The defendant Sieck was joined as a party defendant for the reason that Rushing had permitted him to occupy a part of the premises.

Service was had upon the defendants and the defendant Rushing filed his answer claiming title to the premises by reason of his having purchased a certificate of redemption on the property from the Treasurer of Navajo County before the action was filed in the Justice Court, and denied generally the allegations in plaintiff's complaint of the relationship of landlord and tenant between the parties. At the same time he filed a Motion to Dismiss and a plea to the jurisdiction of the Justice Court on the grounds that the Justice Court had no jurisdiction to try and determine the issues in the action, making reference to Section 20-102 of the Arizona Code Annotated 1939.

The Justice of the Peace apparently overruled the defendant's motion to dismiss and his plea to the jurisdiction and tried the case, rendering judgment that the plaintiff was entitled to the possession of the prop-

erty in question and judgment for the rent for the period of time involved, which sum was less than the Two Hundred Dollars ($200) jurisdictional limit of the Justice of the Peace, and the defendant perfected an appeal to the Superior Court of Navajo County.

Upon the receipt of the papers in the Superior Court the plaintiff moved to set the case for trial and the defendant made a written demand for trial by jury and the case was set for trial before a jury. On the day of the trial in the Superior Court all parties appeared and were represented by their counsel and a jury was drawn to try the case. After the jurors were selected they were excused and the trial court, upon making an examination of the pleadings, raised the issue of jurisdiction of the Superior Court on the appeal, and dismissed the appeal. The reporter's transcript of the ruling of the Court, as appears from the record, is as follows:

"By the Court: The Court having gone into the matters raised here in legal phase, it is the opinion of the Court that the appeal should be dismissed and there is unquestioned authority that the Justice of the Peace had no right to entertain any action when there is a question of title raised, and that on appeal this Court acquires no more jurisdiction than the Justice Court has. I take it you will just have to start over and this appeal is dismissed. I don't dismiss the action, but just the appeal. Costs are against the appellant."

The plaintiff then moved to vacate the Order dismissing the appeal and his motion was submitted to the Court upon stipulation of counsel and the Court entered its Order denying said motion. Thereafter the plaintiff filed its notice of appeal from the Order dismissing the case, the Order amending the Order of dismissal of April 23, 1945, and from the Order of the Court denying plaintiff's motion to vacate the orders dismissing the appeal.

This set of facts raises two questions on the appeal to this Court, viz.:

(1) Did the title or ownership of the property become an issue in the action in the Justice Court?

(2) Did the Superior Court commit error in its rulings dismissing the appeal from the Justice Court?

The defendant did not appear in this court and gave this court no assistance in the determination of the issues involved in this case. Since there was no trial in the Superior Court, we have no transcript of testimony before us and the abstract of record fails to throw any light on the question of ownership as alleged by the defendant in his pleadings, other than appears in his Answer and affirmative defense, in which the defendant claimed title to the property by reason of an allegation that he had redeemed the property from a tax sale and procured a certificate of redemption from the County Treasurer prior to the time the plaintiff's complaint was filed. His affirmative defense, however, contains no allega-

tion that he had "a legal or equitable claim" in the premises and was therefore entitled to redeem the property as is required by Section 73-823 of the Arizona Code 1939. There does appear in the abstract of record, however, a sheriff's deed on foreclosure conveying the premises in controversy to the Olds Brothers Lumber Company, a corporation. Said deed recites that the Home Owners Loan Corporation had filed an action of foreclosure against Clarence A. Rushing and Jane G. Rushing, his wife, as parties defendant; that the said premises described therein were sold at public auction following an order of foreclosure and sale on the premises and that the Home Owners Loan Corporation had bid in the property and thereafter assigned its sheriff's certificate of sale to the Olds Brothers Lumber Company, a corporation; that no redemption had been made within six months after the date of sale; as a result the sheriff conveyed said premises to the plaintiff in this action. This sheriff's deed was dated July 23, 1937 and was recorded in the Recorder's Office of Navajo County on the 15th day of July, 1943. We have no way of knowing whether the defendant in the foreclosure suit, Clarence A. Rushing, was one and the same person as the defendant C. A. Rushing in this case; however, if Clarence A. Rushing and C. A. Rushing are one and the same person it may explain the reason why the defendant in this action made no allegation in his affirmative defense, that he had a legal or equitable claim in the property and was entitled to redeem under Section 73-823, supra.

A somewhat similar situation arose in the case of Sullivan v. Woods, 5 Ariz. 196, 50 P. 113, in which case the defendant made an allegation of claim of title to the premises and objected to the jurisdiction of the Justice Court, setting up facts in his answer on the basis of which the defendant claimed title. In that case the Justice of the Peace overruled the plea to the jurisdiction and was sustained by this court which, upon an analysis of the alleged defense and claim to title, ruled that the title to the property was not in question under the pleadings of the defendant and the Court held that the only issue under the pleadings was the right to possession of the premises.

It appears obvious from the ruling in the Sullivan case, supra, that the mere filing of a pleading claiming title to the premises does not make title an issue in the case and require the Justice of the Peace to certify the case to the Superior Court as provided in Section 20-102; as the question of whether the title to real property is involved in the case may be determined not only from the defendant's answer, but from the nature of the entire law suit as appears from all of the pleadings or the evidence in the case.

This leads us to a consideration of the nature of an action of forcible entry or detainer. Such actions are statutory proceedings, the only means of trying the

right to the possession of property at common law being the common law action of ejectment. The common law action of ejectment is now codified in this and most states of this country, and in such an action the Court may determine the question of which party has the paramount legal title to the premises for the purpose of determining who has the right to possession. 28 C.J.S., Ejectment, §§ 4, 5, 7, 8, 9, and 10, pages 850 to 858.

▉ Such, however, is not the case in a forcible entry and detainer action, for the object of such an action is to afford a summary, speedy and adequate remedy for obtaining possession of the premises withheld by a tenant in violation of the covenants of his tenancy or lease, or otherwise withheld within the meaning of the statute defining forcible entry and detainer. Indeed, the statutes of this state make that very plain and indicate quite clearly that the right to actual possession is the only issue to be determined in such an action. While it is true that Section 20-102 of the Arizona Code, which confers jurisdiction of the justice of the peace in civil matters does provide that " * * * Justices of the peace shall have jurisdiction to try the right to the possession of real property where the title thereto or the ownership thereof is not a subject of inquiry in the action. If, in any such action the title or ownership of real property becomes an issue the justice shall so certify in his docket, and at once stop further proceedings in the action, and forward all papers, together with a certified copy of his docket entries in the action, to the superior court, where the action shall be docketed, and determined as though originally brought in the superior court. * * *" However, in the very next and last sentence in said statute, there is provided the following language: "* * * In actions between landlord and tenant for the possession of the leased premises the title to *the property so leased shall not be raised nor made an issue.*" (Italics ours.)

This is plain, unequivocal and positive language and definitely raises a prohibition to making title to the premises an issue in any case where the relationship of landlord and tenant exists between the parties.

Section 27-1207 of our Code implies the same thing where it provides: "On the trial of an action of forcible entry, or of forcible detainer, the only issue shall be the right of actual possession; *and the merits of the title shall not be inquired into.* * * *" (Italics ours.)

▉ It is plain from this language that the right of actual possession is the only issue that can be raised in a forcible entry or detainer action and this court has had no difficulty in interpreting this language on not less than three occasions in the following cases: Bishop v. Perrin, 4 Ariz. 190, 35 P. 1059; Sullivan v. Woods, 5 Ariz. 196, 50 P. 113; Felber v. Thorpe, 19 Ariz. 594, 173 P. 1058. As we have said, the object of a forcible entry and detainer

action is to afford a summary, speedy and adequate remedy for obtaining possession of premises withheld by tenants, and for this reason this objective would be entirely frustrated if the defendant were permitted to deny his landlord's title, or to interpose customary and usual defenses permissible in the ordinary action at law. For this reason counterclaims, offsets and cross complaints are not available either as a defense or for affirmative relief in such action, as indicated by our statutes and the statutes of most states. And for the same reason, the merits of the title may not be inquired into in such an action, for if the merits of the title and the other defenses above enumerated were permitted and the court heard testimony concerning them, then other and secondary issues would be presented to the court and the action would not afford a summary, speedy and adequate remedy for obtaining possession of the premises. There are numerous cases supporting the above statement but we will confine ourselves to citing only the following cases: Montgomery v. Blocher, 194 Ky. 280, 239 S.W. 46; Forrester v. Cook, 77 Utah 137, 292 P. 206; McSloy v. Ryan, 1873, 27 Mich. 110; Peterson v. Kreuger, 67 Minn. 449, 70 N.W. 567; William Weisman Holding Company v. Miller, 152 Minn. 330, 188 N.W. 732; Hunter v. Porter, 10 Idaho 72, 86, 77 P. 434; Obermeyer v. Kendall, 38 Ida. 283, 220 P. 751; 36 C.J.S., Forcible Entry and Detainer, § 6, page 1148, § 7, page 1149, § 28, page 1168. This is further indicated by the fact that the only judgment which can be rendered in a forcible entry and detainer action is one restoring premises to the plaintiff in the action or a judgment dismissing the complaint; and if it would appear that the plaintiff had obtained possession of the premises after the commencement of the action and before the judgment, then a writ of restitution may issue in favor of the defendant. Section 27-1208, Arizona Code, 1929.

The fact that a forcible entry and detainer action is to provide a speedy and adequate remedy for obtaining possession of premises is indicated by the shortness of the time within which the action must come to trial (Section 27-1205, Arizona Code, 1939) and the strict limitation on the length of time that the trial of such action may be postponed (Section 27-1207, Arizona Code, 1939). This is further indicated by the fact that a judgment in an action of forcible entry and detainer is not a bar to a subsequent proceedings between the same parties in a quiet title suit for the reason that the adjudication of the title is not available in such an action. Bishop v. Perrin, supra; Bekins v. Trull, 69 Cal. App. 40, 230 P. 24. Since the plaintiff alleged in its complaint that the relationship of landlord and tenant existed between the plaintiff and the defendant, Rushing, first by his being a tenant at sufferance and secondly, a tenant by verbal agreement, we think it was the duty of the Justice of the Peace to overrule the alleged claim of title by the defendant and to hear the evidence

for the purpose of determining whether or not such relationship existed between the parties; and if he found by a preponderance of the evidence that such relationship did exist and that the plaintiff was entitled to possession, then, under our statutes it was his duty to ignore the alleged claim of title and to render judgment for restitution of the premises; or if the plaintiff failed to establish such relationship or his right to possession then the Justice of the Peace should have dismissed the complaint. Under no circumstances could the Justice of the Peace or the Superior Court have determined the title to the premises in a forcible entry or detainer action. If the defendant actually had title to the premises, that matter should be heard and determined in an action to quiet title or an action of ejectment. 36 C.J.S., Forcible Entry and Detainer, § 6, pages 1148 and 1149; Hewitt v. State ex rel. Palmer, 108 Fla. 335, 146 So. 578; Schroeder v. Woody, 166 Or. 93, 109 P.2d 597; Richardson v. King, 51 Idaho 762, 10 P.2d 323.

This entire matter is very well set forth in the case of Hewitt v. State, Supra. In that case a petition was filed in the County Court alleging that the defendant had forcibly entered and unlawfully detained certain lands, possession to which plaintiff was entitled. The Florida Constitution provided that the Circuit Courts shall have exclusive original jurisdiction of the action of ejectment and *of all actions involving the title or boundaries of real estate.* Under the Florida Statutes county courts are vested with jurisdiction of proceedings in relation to the forcible entry and unlawful detention of lands. The defendant filed an answer claiming, among other defenses, the ownership of the land and objected to the jurisdiction of the County Court on the ground that trial of the cause would involve title to real estate. The County Court continued with the trial and the Circuit Court issued, and made absolute, a Writ of Prohibition against the County Court. On an appeal the Supreme Court of Florida reversed the case, having the following to say in disposing of the matter in its opinion at page 579 of 146 So.:

"At common law a party forcibly dispossessed of lands was without a remedy for obtaining restitution of the premises, or for the recovery of damages for the entry or detainer, or even for an assault on his person in connection with an entry unless the force used was excessive, or the damages wantonly inflicted, since the common law conceded to a party with title to land and right to entry, the right to use actual force to recover possession, if forcible resistance to an entry was offered. Notes 18 Am.Dec. 139; 8 L.R.A.,N.S., 426; 11 R.C. L. 1136.

"The civil remedy for the restitution of premises, of which possession has been taken by a forcible entry or detainer, is consequently of statutory origin. The purpose of the statutory remedy was to dispense with the privilege allowed by the

ancient common law to persons disseised or turned out of possession to use violent methods to reinstate themselves. The remedy was devised because it was early found that the exercise of the common-law right to seize possession by force, tended to lawlessness and was prejudicial to the public peace. Mosseller v. Deaver, 106 N.C. 494, 11 S.E. 529, 8 L.R.A. 537, 19 Am.St.Rep. 540.

"The general purpose of the statutes relating to forcible entry and detainer, both in England and in this country, is that, regardless of the actual condition of the title to the property, the party in actual, peaceable, and quiet possession shall not be turned out by strong hand violences, or terror. One who becomes guilty of a forcible entry, therefore, or of a forcible detainer after a peaceable but unlawful entry, was not only made subject to indictment, but was required to restore possession to the party from whom the property was so taken or detained, and in proper case to pay damages, notwithstanding the entrant may have had the admittedly superior title, or the better right to possession taken.

"The object of the statutes relating to forcible entry and unlawful detainer was to provide a summary legal remedy for restoring possession to prevent criminal disorder and breaches of the peace, which would likely ensue if no summary legal remedy existed, and the parties undertook to continue to resort to their own private common law means for enforcing their rights in such cases.

"The action of forcible entry and detainer was designed to compel the party out of actual possession, whether the real owner and entitled to a present right of possession or not, to respect the *actual* possession of another, wrongful though it might be, by requiring him to resort to the law alone to obtain the possession he claimed to be his. Notes 19 Am.St.Rep. 544; 121 Am. St.Rep. 371; 8 L.R.A.,N.S., 426; Iron Mountain & H. R. Co. v. Johnson, 119 U.S. 608, 7 S.Ct. 339, 30 L.Ed. 504.

"The statutes relating to *forcible* entry and unlawful detainer have consequently so far altered the common law as to give a party *forcibly* dispossessed a right to the restitution of possession, without regard to the question of title. And indeed our statute so declares by providing that: 'No question of title, but only a right of possession and of damages, shall be involved in the action.' Section 5313, C.G.L., section 3460, R.G.S.''

In view of the language in Section 20-102, Arizona Code 1939, that "In actions between landlord and tenant for the possession of the leased premises the title to the property so leased shall not be raised nor made an issue," and in view of the language in Section 27-1207, Arizona Code 1939, that "On the trial of an action of forcible entry, or of forcible detainer, the only issue shall be the right of actual possession; and the merits of the title shall not

be inquired into," there can be no question that where the relationship of landlord and tenant exists the title to the property shall not be raised nor made an issue and that is true whether the case be pending before the Justice of the Peace or the Superior Court.

With respect to the second question involved in this appeal; that is, did the Superior Court commit error in its rulings dismissing the appeal from the Justice Court, it is apparent that· the trial judge in the Superior Court concluded that the question of title to the property was made an issue in the Justice Court and that therefore the Justice of the Peace had *no* jurisdiction to further entertain the case. Indeed, that very fact is stated by the court in his order amending the order dismissing the case.

We presume that the learned trial judge was referring to the well-established rule that an appellate court acquires no jurisdiction in an appeal where the trial court, or lower court, had no jurisdiction of the cause. This rule is well established. 4 C.J. S., Appeal and Error, § 41, page 121, at page 123; Burt & Carlquist Co. v. Marks et al., 53 Utah 77, 177 P. 224, but it has very definite limitations, and has no application where the lower court has jurisdiction of the subject matter and of the parties, but may have committed either error in its proceedings or indulged in an excess of jurisdiction in the proceedings. 4 C.J.S., Appeal and Error, § 41, page 121, at page 123; Burt & Carlquist Co. v. Marks et al., supra.

The Justice of the Peace certainly had jurisdiction of the subject matter of the case since the monthly rental of the premises did not exceed the sum of Twenty-five Dollars ($25.00). That court, certainly, therefore, had jurisdiction to entertain the filing of the action, .to procure service upon the parties defendant and to receive the defendant's answer, as well as his motion to dismiss and plea to the jurisdiction of the court. Even if the Justice of the Peace should have certified the case to the Superior Court as set forth in Section 20-102, Arizona Code 1939, for the reason that the question of title was involved in the action (which we have held to the contrary), he at most, did nothing further than commit error in the proceedings before him or indulged in an excess of jurisdiction in thereafter hearing the case. Section 20-102 of the Arizona Code 1939, provides that, if the Justice of the Peace certified the matter to the Superior Court, it "shall be docketed, and determined as though originally brought in the superior court." The trial court emphasized in his ruling, as appears from ·the reporter's transcript in the file, that he was dismissing "the appeal and not the action." For what purpose such a ruling? Did he intend that the proceedings be returned to the Justice of the Peace only to have the Justice certify in his docket that the title or ownership of the property became an

issue in such court and thereafter forward all the papers to the Superior Court where it would be once more docketed and the parties would again move for trial in that court? We think the Superior Court should have heard the case as if originally docketed in that court and proceeded to trial. 4 C.J.S., Appeal and Error, § 41, page 123; Burt & Carlquist Co. v. Marks, supra; Reeves et al. v. Green, 282 Mo. 521, 222 S.W. 795; City of Santa Barbara v. Eldred, 95 Cal. 378, 30 P. 562.

For the reasons stated herein we are of the opinion that the Justice of the Peace was correct in overruling the plea to the jurisdiction of the Justice Court and that the Superior Court erred in dismissing the appeal in this matter and should have entertained the action and proceeded to trial in the matter.

For the reasons stated herein the orders of the Superior Court dismissing the appeal are reversed and the case remanded to the Superior Court of Navajo County to proceed with the matter pursuant to instructions herein.

STANFORD, C. J., and MORGAN, J., concur.

Judge ARTHUR T. LA PRADE, being disqualified, the Honorable FRANK E. THOMAS, Judge of the Superior Court of Cochise County, was called to sit in his stead.