NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

WILLIAM HARRINGTON,
*Plaintiff/Appellee*,

v.

JESSE RODRIGUEZ,
*Defendant/Appellant*.

No. 1 CA-CV 21-0652
FILED 9-22-2022

Appeal from the Superior Court in Maricopa County
No.  CV2021-052894
The Honorable Gary L. Popham, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Hull Holliday & Holliday, PLC, Phoenix
By Andrew M. Hull, Denise M. Holliday, Kevin W. Holliday, Matthew
Schlabach, Christopher Hoynicki
*Counsel for Plaintiff/Appellee*

Law Office of Julie Gunnigle, PLLC, Scottsdale
By Julie R. Gunnigle
*Counsel for Defendant/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Randall M. Howe and Judge D. Steven Williams joined.

_____

**W E I N Z W E I G**, Judge:

**¶1**          Jesse Rodriguez ("Tenant") appeals the judgment entered for Bill Harrington ("Landlord") in this forcible entry and detainer ("FED") action. Because Tenant's arguments are not cognizable in a FED action, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          Tenant leased a home from Landlord in April 2011. The written lease agreement reflected a month-to-month tenancy. Tenant agreed to pay rent of $265 per month; later raised to $350 per month. Landlord agreed to pay the property taxes and insurance. Although two signatures appeared on the lease agreement, Tenant contended his signature was forged.

**¶3**          The home was in bad shape when Tenant moved in. Landlord paid for the building materials to replace the plumbing, restore the roof and install a new porch. Tenant performed much of the labor on these projects, although Landlord insisted he paid Tenant for the work. Tenant also purchased and installed new windows and exterior gates.

**¶4**          Almost a decade later, Landlord informed Tenant the lease agreement would not be renewed and directed Tenant to vacate the home. Tenant would not leave, and his money orders for rent all failed. Tenant wrote the words: "mortgage payment, " on the last few money orders.

**¶5**          Landlord filed this FED action. Both Landlord and Tenant testified at the evidentiary hearing. Tenant claimed he never signed the lease agreement. He instead claimed to have entered an agreement with Landlord to purchase the home under a 30-year rent-to-own agreement. The record had a 2011 form contract in which Landlord offered to sell the home to Tenant for $30,000, which included: "[$]2,000 down [and] carry back [$]28,000 for 30 [years at] 10%." Tenant never signed the contract.

¶6            The court found Tenant guilty of forcible detainer and awarded possession to Landlord.  It awarded Landlord $1,400 in unpaid rent and $700 in willful holdover rent, along with his fees, costs and interest.  Tenant timely appeals.  We have jurisdiction.  *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.    Purchase Contract

¶7            Tenant first argues he had an enforceable oral contract to purchase the home from Landlord and the superior court thus erred "when it found that [Tenant] was merely a month-to-month tenant."

¶8            But his argument was not cognizable in the FED action.  FED actions exist to provide "a summary, speedy and adequate remedy for obtaining possession of the premises withheld by a tenant."  *Old Bros. Lumber Co. v. Rushing*, 64 Ariz. 199, 204 (1946).  The sole issue is right of possession, and "the merits of the title shall not be inquired into."  *Id.* at 203-04; *see also* A.R.S. § 12-1177(A).  Indeed, the court may not even consider "counterclaims, offsets and cross complaints . . . either as a defense or for affirmative relief."  *Rushing*, 64 Ariz. at 205; *see* Ariz. R.P. Eviction Actions 8 ("Unless specifically provided for by statute, no counterclaims, cross claims, or third party claims may be filed in eviction actions.").  "This is so because the accelerated nature of FED actions does not include disclosure or discovery available in general civil litigation."  *Iverson v. Nava*, 248 Ariz. 443, 448, ¶ 11 (App. 2020).

¶9            Tenant may still file and pursue a traditional civil action in the superior court.  *See* A.R.S. § 12-1183 ("The proceedings under a forcible entry or forcible detainer shall not bar an action for trespass, damages, waste, rent or mesne profits.").  "[A] judgment in an action of forcible entry and detainer is not a bar to subsequent proceedings between the same parties in a quiet title suit for the reason that the adjudication of the title is not available in such an action."  *Rushing*, 64 Ariz. at 205.

### II.    Hot Water and Cooling

¶10            Tenant next argues that Landlord did not provide hot water or air conditioning, and contends the FED court should have considered those points in the FED action.

¶11            A landlord must provide hot water and cooling,  A.R.S. § 33-1324(A)(6), and the tenant may secure those essentials on his own if not

3

provided, and either deduct the expenses from the rent, recover damages, or find replacement housing. A.R.S. § 33-1364(A)(1)-(3).

¶12 The tenant can counterclaim for the expenses in the FED action. *See* A.R.S. § 33-1365(A) ("In an action for possession based upon nonpayment of the rent or in an action for rent where the tenant is in possession . . . the tenant may counterclaim for any amount which he may recover under the rental agreement or this chapter."). And the tenant may retain possession if the FED action was based on nonpayment of rent, and tenant's counterclaim completely offsets the back rent. *Id.*

¶13 Section 33-1365 does not apply here for at least two reasons. First, this action for possession was not based on nonpayment of rent; Landlord only terminated a month-to-month tenancy with notice. *See* A.R.S. § 33-1375(B) ("The landlord or the tenant may terminate a month-to-month tenancy by a written notice given to the other at least thirty days prior."). Second, the statute only provides for a counterclaim, not an affirmative defense. Tenant filed no counterclaim here.

## CONCLUSION

¶14 We affirm. Landlord requests his attorney fees on appeal but provides no basis for that request. *See* ARCAP 21(a) ("A claim for fees under this Rule must specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees."). We thus decline to award fees, but grant Landlord his costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA