NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STARLIE MULLEN,
*Plaintiff/Appellee,*

*v.*

TRAVIS MULLEN, et al.,
*Defendants/Appellants.*

No. 1 CA-CV 25-0361

FILED 10-28-2025

Appeal from the Superior Court in Maricopa County
No. CV2025-006255

Manistee (Glendale) Justice Court
No. CC2025017011EA

The Honorable Brian J. Palmer, Judge

**AFFIRMED**

COUNSEL

Travis Mullen, Glendale
*Defendant/Appellant*

Starlie Mullen, Glendale
*Plaintiff/Appellee*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

¶1　　　　Defendant Travis Mullen (Travis) appeals from an order of eviction in favor of plaintiff Starlie Mullen (Starlie).[1] Travis argues that the superior court failed to acknowledge the basis for the transfer from justice court to superior court and improperly refused to resolve Travis' counterclaims. Because Travis has shown no error, the superior court's rulings are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　Starlie and Travis entered into a month-to-month rental agreement in June 2024. The rental agreement required Travis to pay $600 on the first of the month to Starlie, who was the landlord. In February 2025, after Travis failed to comply with a notice of failure to pay rent, Starlie filed this eviction action in justice court claiming that Travis had not paid rent since December 2024. Travis tried to dispute title, claiming a fraudulent deed. The justice court then transferred the case to superior court. Travis filed an answer, asserting various affirmative defenses (including claiming Starlie had title through a fraudulent deed). Travis also counterclaimed, alleging Starlie breached the rental agreement through fraudulent conduct.

¶3　　　　The superior court heard testimony on Starlie's eviction complaint from Starlie, Travis and Crystal Estes (Estes), who lived with Travis. The superior court then ruled that Travis did not "create a genuine dispute as to the validity of the [l]ease," and concluded that Starlie met her burden of possession. The court ordered the relief requested in Starlie's complaint and denied the relief requested in Travis' counterclaim without prejudice, noting that Travis could pursue his claims in a separate civil

---

[1] Given their common last name, this decision uses their first names throughout.

action.[2] This court has jurisdiction over Travis' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1) and -2101(A)(1)(2025).[3]

## DISCUSSION

### I.     The Superior Court Properly Limited the Proceedings.

¶4          Travis argues that, following transfer from the justice court, "the core issue concerned ownership and title, not possession." After transfer, he argues, the superior court was "required to treat the case in accordance with the Arizona Rules of Civil Procedure." This eviction action, however, is governed by the Arizona Rules of Procedure for Eviction Actions, which generally provide that the Arizona Rules of Civil Procedure "apply only when incorporated by reference." Ariz. R.P. Evic. Act. 1; *see also Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 8 ¶ 22 (App. 2018). Travis has shown no incorporation by reference that would alter the result here.

¶5          Travis next argues that the superior court failed to "recognize the procedural and legal implications of the transfer" and that treating the case as a "routine eviction . . . amounts to reversible procedural error." Having title litigated separately, Travis adds, "ignores Arizona's equitable doctrine: a claimant relying on void instruments possesses no legal standing to enforce eviction." Travis further argues that Arizona "explicitly authorizes courts to set aside such fraudulent instruments even within eviction proceedings when title validity directly impacts the right of possession."

¶6          In eviction actions like this one, "the only issue" to be tried "shall be the right of actual possession and the merits of title shall not be inquired into." A.R.S. § 12-1177(A); *see also Curtis v. Morris*, 186 Ariz. 534, 534 (1996). This procedure provides "a summary, speedy and adequate

---

[2] Travis filed a separate civil action, CV2025-018484, pressing the counterclaims the court here dismissed without prejudice. This court has no appellate jurisdiction over that separate civil action. Accordingly, to the extent Travis seeks to address issues in that separate civil action in his "Notice of Supplemental Authority" and his "Renewed Motion for Limited Remand Based on Due Process and Real Party in Interest Grounds," such requested relief is denied.

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

remedy for obtaining possession of the premises withheld by a tenant." *Olds Bros. Lumber Co. v. Rushing*, 64 Ariz. 199, 204 (1946).

¶7 Here, both Starlie and Travis testified that they entered into a lease for the property. Travis admitted that $600 in monthly rent "was what [they] agreed upon." Travis admitted that he had failed to pay rent since December 2024. And Starlie testified that she had a deed showing she was the owner of the property. This evidence allowed the superior court to conclude that a lease existed between the parties, and that Travis breached the lease by failing to pay rent, and to grant Starlie's requested eviction, recognizing "the merits of title shall not be inquired into" during an eviction proceeding. A.R.S. § 12-1177(A); *accord Olds Bros.*, 64 Ariz. at 208 (when such evidence is provided, "title to the property shall not be raised nor made an issue").

¶8 Moreover, Travis has shown no error in the court's finding that "none of the materials submitted by [Travis] create[d] a genuine dispute as to the validity of the [l]ease," and that "[Starlie] ha[d] met her burden of possession." *See Carrington Mortg. Servs. LLC v. Woods*, 242 Ariz. 455, 457 ¶ 12 (App. 2017) (plaintiff has burden to show "a superior right of possession to the property"); *Colonial Tri-City Ltd. P'ship v. Ben Franklin Stores, Inc.*, 179 Ariz. 428, 433 (App. 1993) (plaintiff must show existence of a lease).

¶9 The record shows that, when asked why he had failed to pay rent, Travis stated that when he heard Starlie wanted to sell the home, he wanted to buy the home but was told there were issues with the title. Travis then agreed that his position was that the lease was not enforceable because Starlie "doesn't hold title to the property." But, again, "merits of title shall not be inquired into" in an eviction action. A.R.S. § 12-1177(A). For these reasons, Travis has failed to show that the superior court erred in limiting the nature of the proceedings.

## II. The Superior Court Did Not Err by Dismissing Travis' Counterclaims Without Prejudice.

¶10 Travis next argues that his asserted counterclaims involving "notarial fraud and deed forgery," were "never adjudicated, converted, or referred under Rule 42(f)." Travis argues that this failure to address the counterclaims "denied [Travis] a forum for resolution and forced them to file duplicative civil litigation." But the Arizona Rules of Procedure for Eviction Actions state that "[u]nless specifically provided for by statute, no counterclaims, cross claims, or third party claims may be filed in eviction

actions. *Any counterclaim filed without a statutory basis shall be stricken and dismissed without prejudice.*" Ariz. R.P. Evic. Act. 8(a) (emphasis added).

**¶11** Counterclaims that properly can be asserted in an eviction action are quite limited. *See Iverson v. Nava*, 248 Ariz. 443, 448 ¶¶ 11-12 (App. 2020). Here, the substance of Travis' counterclaims turned on whether Starlie had title, focusing on alleged forged deeds and related alleged fraud. Indeed, Travis' claimed harm was that he paid rent under the lease when Starlie "had no lawful right to collect such payments" given the alleged issue with the title to the property. These counterclaims, however, are not based on a statute or terms of the lease and, instead, impermissibly seek to challenge "the merits of title." A.R.S. § 12-1177(A).

**¶12** In addressing the counterclaims, the superior court properly noted that "[t]hose sorts of claims generally you don't do in eviction actions. You do those in another type of action." Recognizing the summary nature of eviction actions, the superior court then properly dismissed Travis' counterclaims without prejudice, allowing him to refile them in a separate civil proceeding, which he has done. *See Iverson*, 248 Ariz. at 448 ¶ 11 (noting an eviction "action does not bar subsequent proceedings between the parties to determine issues other than the immediate right to possession, those issues are better resolved in proceedings designed to allow full exploration of the issues involved.") (citation omitted). Travis has failed to show that the superior court erred in dismissing his counterclaims without prejudice.

**CONCLUSION**

**¶13** The superior court's orders are affirmed.

