STATE v. H. E. NEWBURY et al.

(Decided March 22, 1898).

*Indictment for Forcible Trespass—Possession.*

One cannot be guilty of forcible trespass where the owner of the land is not in actual use and enjoyment of the same, using it for such purposes as it is capable of.

INDICTMENT for forcible trespass, tried before *Allen*, J., and a jury at September Term, 1897, of PENDER Superior Court. The facts are stated in the opinion. The defendants were convicted and appealed.

*Messrs. Zeb V. Walser, Attorney General, John D. Bellamy* and *J. D. Kerr*, for the State.
*Messrs. Stevens & Beasley* and *Jones & Boykin*, for defendants (appellants).

MONTGOMERY, J.: The motion in arrest of judgment on account of an alleged defective bill of indictment, made by the counsel of the defendants here, for the first time, is supported by a decision of this Court in *State v. Roanoke R. & L. Co.*, 109 N. C., 860. The indictment does not follow the forms recommended in works on Criminal Indictments and Precedents but it is in the very words upon which the defendant was

tried in the case of the *State* v. *Buckner*, 61 N. C., 558, and the court held that to be sufficient.

But the defendants are entitled to a new trial for error in the charge of the court. His Honor was requested by the counsel of the defendants to instruct the jury that "The offence of forcible trespass is the high-handed invasion of the actual possession of another, he being present forbidding it; the prosecutor must be in the actual possession, that is, actually using the land for such purposes as it is capable of being used, and occupying the same either by himself or tenants, not actually present all the while, but actually using the same by himself or his tenants for such purposes as it is capable of being used; and if the land was not so used at that time, although the prosecutors were present forbidding the entry, the defendants would not in law be guilty of forcible trespass."

The instruction was given, but his Honor in defining actual possession added the words "or exercising such control and authority over it (the land) as allows him to so use it if he chooses." The defendants were entitled to the instruction just as it was asked. It is the high-handed invasion of the actual possession of another, he being present, that constitutes the particular offence known as *forcible entry*. By actual possession, however, it is not meant that the prosecutor shall be actually present all the time, but that he shall be in the actual use and enjoyment of the land for such purposes as it is capable of. The words added by his Honor "or exercising such control and authority over it as allows him to so use it (that is actually using it) for such purposes as it is capable of if he chooses," import only *constructive* possession—a possession in law as distinguished from actual possession. That is, just such possession as would

be had by the owner in fee of real estate who had never set foot on it.   He could be said to have such control and authority over the land as would allow him to use it if he chose to do so.   He claimed it, had title to it and paid taxes on it.   But still his possession could be only constructive.

Such authority and control as would amount to actual possession must be such control and authority as result in having the land cultivated or used for some purpose by his family or servants and not such as will allow him to so use it if he shall choose so to do.   *State* v. *Bryant*, 103 N. C., 436.

New trial.