[Civil No. 1594.   Filed June 15, 1918.]

[173 Pac. 1058.]

IDA FELBER, Appellant v. ED THORPE and JOE AUSENHAUSE, Appellees.

FORCIBLE ENTRY AND DETAINER—"ACTUAL POSSESSION."—One residing on lot, the front part of which was fenced, was in "actual possession" of the rear unfenced part of the lot within the meaning of Civil Code of 1913, paragraph 1536, relating to forcible entry, where there was a toilet on the back of the lot which was in constant use.

[As to when title and color of title may be given in evidence in actions of forcible entry and detainer, see note in 77 Am. Dec. 552.]

APPEAL from a judgment of the Superior Court of the county of Mohave. John A. Ellis, Judge. Reversed and remanded.

Mr. Charles L. Lewis, for Appellant.

No appearance for Appellees.

CUNNINGHAM, J.—The appellant purchased improvements on public land at the town of Chloride in Mohave county, consisting of a dwelling-house, a fence inclosing such house, and a toilet situate about 45 feet distant from the fence to the rear of the house, used by the occupants of the house. On February 2, 1916, appellant began to occupy the dwelling-house and to use the said necessary improvements. The lot so improved and claimed by plaintiff fronts north and is 78 feet wide east and west by 140 feet long north and south, and the toilet is situated about the middle of the lot near the southerly end line. The occupants of the dwelling-house use the toilet by passing through a gate in the fence south of the house. The portion of the unfenced lot from the south

fence to the rear of the house, upon which the toilet is situate, a space 28 by 78 feet, is the premises which the defendants are charged with having forcibly entered and now retain, depriving the plaintiff of the actual possession of said lot. On or about the thirteenth day of February, 1917, the defendants went upon the said portion of plaintiff's said lot and constructed a wire fence parallel with plaintiff's rear or south fence, and inclosed 28 feet in depth of the southern end of the lot, including the toilet. Plaintiff repeatedly objected to defendants trespassing on said claimed premises, giving the actual notice of her claim and the extent of the lot claimed. Plaintiff made no use of the plot of land in controversy other than for the purposes of the use of a back yard and of the toilet situate thereon.

The appellant assigns as error that the judgment is not justified by the evidence and is contrary to law. The entry of the defendant was made upon real estate in a case where an entry is not given by law, and they are therefore guilty of "forcible entry and detainer" under chapter 5, tit. 6, C. C. A. 1913, provided the facts as found by the court summarized above amount in law to "actual possession" of the premises in question by the plaintiff at the time of the entry made by the defendants. A "forcible entry" or an entry where entry is not given by law within the meaning of said chapter 5 is defined by paragraph 1526, C. C. A. 1913, as "an entry without the consent of the person having the actual possession." "On the trial of any case of forcible entry . . . the only issue shall be as to the right of actual possession; and the merits of the title shall not be inquired into." Paragraph 1536, C. C. A. 1913. The expression "actual possession" has been defined by the courts in numerous cases. See title Actual Possession, 1 Words and Phrases, 164. A few definitions, are, to wit:

"Actual possession is a possession of the character required by the character and situation of the land." *Allaire* v. *Ketcham*, 55 N. J. Eq. 168, 35 Atl. 900.

"Possession of land is actual when there is an occupancy according to its adaptation and use." *Morrison* v. *Kelley*, 22 Ill. 609, 74 Am. Dec. 169.

"Actual possession is a question of law and fact, and its determination must largely depend upon the situation of the parties, the size and extent of the land, and the purpose for

which it is adapted.'' *Johnston* v. *Albuquerque* (N. M.), 72 Pac. 9.

''By 'actual possession' as used in a statement that forcible entry is high-handed invasion of the actual possession of another is meant that he shall be in actual use and enjoyment of the land for such purpose as it is capable of, and not that the prosecutor shall be actually present at the time.'' *State* v. *Newbury,* 122 N. C. 1077, 29 S. E. 367.

See, also, *Minturn* v. *Burr,* 16 Cal. 107.

The facts that the plaintiff actually occupied the dwelling-house, and actually and necessarily used the toilet standing forty-five feet south from the dwelling-house, and in using the toilet necessarily crossed the unfenced portion of the public domain, certainly amounts to using such unfenced portion of ground between her rear fence and the toilet for a purpose for which such ground was adapted, and as a consequence plaintiff, by such use of said premises as shown by the evidence, was in the actual possession of the land so unfenced to the south line of said toilet. Her actual dominion over such unfenced land was to all intents and purposes the same in law as that over the other portions of such lot. The statute is a conservator of peace, and without doubt, when the evidence shows without conflict that a person is constantly using ground for a beneficial purpose for which it is eminently adapted, that use is, in law of forcible entry and detainer, such actual possession as the statute contemplates and protects against encroachment by others having no better right. The judgment rendered in this case is clearly contrary to the law as applied to the facts determined by the trial court.

The judgment is reversed, and the cause remanded to the lower court, with instructions to enter judgment for the plaintiff and take such further proceedings as required by law.

FRANKLIN, C. J., and ROSS, J., concur.