[Civil No. 2098. Filed December 22, 1923.]

[220 Pac. 1082.]

# WILLOWS CATTLE COMPANY, Appellant, v. OSCAR G. CONNELL, Appellee.

1. FORCIBLE ENTRY AND DETAINER—GOOD FAITH HELD NO DEFENSE TO ACTION OF.—Good faith, or mere belief of right to take possession, is no defense to a forcible entry and detainer proceeding.

2. FORCIBLE ENTRY AND DETAINER—EVIDENCE HELD TO SHOW DEFENDANT HAD NOTICE PLAINTIFF WAS OWNER AND IN CONSTRUC-

See 22 C. J., p. 214; 26 C. J., pp. 800, 818, 819, 840, 861.

TIVE POSSESSION OF IMPROVEMENTS.—In a forcible entry and detainer proceeding for a tract of public land, evidence *held* sufficient to show that defendant took possession with notice that plaintiff corporation was the owner of the improvments and in constructive possession of the premises.

3. EVIDENCE — TESTIMONY THAT IMPROVEMENTS WERE GIVEN BY SUPERINTENDENT OF PLAINTIFF CORPORATION TO DEFENDANT'S GRANTOR HELD HEARSAY AND NOT BINDING ON CORPORATION.—In a forcible entry and detainer proceeding by a corporation for public land, testimony by defendant, who claimed to have purchased the improvements from D., an employee of the corporation who was in possession for the corporation, that D. had told him that the superintendent of the corporation had made him a present of all the improvements, *held* hearsay, and in no event binding on the corporation.

4. FORCIBLE ENTRY AND DETAINER—FENCING PUBLIC LAND IN CHARGE OF EMPLOYEE HELD "ACTUAL POSSESSION" BY CORPORATION.— Where a stock-raising corporation fenced in a tract of public land for purposes incident to its business and had raised a crop of alfalfa thereon, and had built permanent water and supply ditches, a house and several other buildings, in charge of an employee, it had actual possession as a matter of law, and could maintain an action of forcible entry and detainer; "actual possession" meaning the actual use and enjoyment of land for such purposes as it is capable of, and does not require actual possession at the time.

5. FORCIBLE ENTRY AND DETAINER — RIGHT OF CORPORATION IN ACTUAL POSSESSION HELD IN NO WAY AFFECTED BY GUILTY ACTION OF FAITHLESS EMPLOYEE IN CHARGE.—The right of a stock-raising corporation in public land of which it had actual possession *held* in no way affected by the guilty acts of a faithless employee in possession in selling the improvements, since property rights cannot be based on larceny or embezzlement.

6. FORCIBLE ENTRY AND DETAINER—"FORCIBLE ENTRY" DEFINED.— Under Civil Code of 1913, paragraph 1526, a forcible entry is an entry without the consent of the person having the actual possession.

APPEAL from a judgment of the Superior Court of the County of Mohave. E. Elmo Bollinger, Judge. Judgment reversed.

Mr. D. B. Morgan, for Appellant.

Mr. E. E. Armour, for Appellee.

LYMAN, J.—This is a forcible entry and detainer proceeding to recover possession of an eighty-acre tract of public land. A jury returned a verdict for the defendant. The appeal is based upon the instructions given to the jury. The court was asked to direct a verdict for the plaintiff, and the refusal to do so is assigned as error. Plaintiff claims that the undisputed testimony entitled it to a verdict, because it showed that at the time of defendant's entry, which was admitted, the premises were in the possession of the plaintiff. Whether or not the plaintiff, at the time of the entry, was in possession is the sole question in dispute.

Plaintiff is a corporation engaged in stock-raising. It acquired possession of these premises in 1915, then an unsurveyed portion of the public domain. From that time on until defendant took possession, the plaintiff used the premises for housing its employees, raising fodder for its stock, and for various other purposes incident to its business. The land included a few acres of alfalfa, with permanent water and supply ditches and many acres of pasture under fence, and had a four-room house, several outbuildings, and corrals for penning cattle. At the time of defendant's entry, the dwelling-house was furnished for habitation, and was being occupied by plaintiff's employees. The defendant claims to have bought the improvements, including the house and furniture, from one Devore in September, 1920. During some months previous to that date Devore had been employed by the plaintiff, which placed him in the dwelling-house on these premises with directions to care for the premises and do such other work as he might be directed to do. His occupancy of the premises was obtained from the plaintiff, exercised subject to its orders. Devore continued to occupy the premises until after the defendant moved in, and was in the employ of the plaintiff until that time, or perhaps

a few days before. Just previous to the occupancy
by Devore one Shelton lived in the house, and cared
for the premises for the plaintiff. The ownership
of the plaintiff was at all times recognized by
Shelton.

There is no dispute in the record concerning any
of the facts so far stated. The defense seems to be
that the plaintiff's occupancy of the premises through
its tenants and employees was not an actual posses-
sion which he was bound to recognize, and that there
had been, in fact, previous to the time when he went
into possession, an abandonment of the possession
by the plaintiff, and that at any rate he acted in good
faith in assuming as much, and in buying the im-
provements from Devore.

Good faith, or mere belief that he had a right to
take possession, is no defense. However, as a mat-
ter of fact, the evidence shows that possession was
taken by defendant with abundant notice that the
plaintiff was the owner of the improvements, and in
actual possession of the premises, as the law defines
such possession. Defendant testifies that Devore
told him that one Marley, who was a superintendent
for the plaintiff corporation, had made him a present
of the improvements, including the houses, furniture,
cultivated land, water rights and what not. All this
testimony was purely hearsay, as Devore was not
called as a witness, and in no event could have any
binding effect upon the plaintiff. The defendant
knew that Devore at the time, or just previous to
that time, had been in the employ of the plaintiff,
and that the plaintiff had harvested the alfalfa dur-
ing that season, and that it was then stacked upon
the land, and that the plaintiff used the premises
regularly in connection with its stock-raising.

The gist of the whole transaction is probably con-
tained in the testimony of the defendant contained
in the following questions and answers:

"Q. You knew the government had the land, didn't you? A. Yes; but Devore had possession of it.

"Q. Do you know that you can't buy possessory rights? A. No; but you can hire a man to move off. I didn't buy possessory land. I just got him to move off there.

"Q. You paid him $2,000 to move off the place? A. Yes; I did, certainly."

The effect of all this is that the defendant bribed an employee of the plaintiff to move off so that he might move in, evidently supposing that possession of public land, however gained, was sufficient and legitimate. The plaintiff was unquestionably at that time in possession of the premises. It had placed an employee in charge. It had fenced the land, taken out ditches, provided water rights, and during the current season had raised a crop of alfalfa. It had there its facilities for penning and caring for its livestock, as the exigencies of its business required.

The plaintiff's rights were in no way affected by the guilty acts of the faithless employee. Property rights cannot be based upon larceny or embezzlement. The possession of the plaintiff was such a possession as the premises were susceptible of. The premises are located in an unsettled country, used for the grazing of stock. The place was fitted up by the plaintiff, and made available for use in stock-raising. It is difficult to see what else the plaintiff could have done to make its possession effective and give notice of its possession to the world.

All these facts are undisputed, and result in the inevitable conclusion that, at the time when defendant entered, plaintiff was in actual possession. A forcible entry is "an entry without the consent of the person having the actual possession." Rev. Stats. Ariz. (Civ. Code), par. 1526.

Possession of land is actual when there is an occupancy according to its adaptation and use. *Morri-*

*son* v. *Kelly*, 22 Ill. 609, 74 Am. Dec. 169. By actual possession is meant actual use and enjoyment of the land for such purposes as it is capable of, and not that the prosecutor shall be actually present at the time. *State* v. *Newbury*, 122 N. C. 1077, 29 S. E. 367. Actual possession is any possession of the character required by the character and situation of the land. *Allaire* v. *Ketcham*, 52 N. J. Eq. 168, 35 Atl. 900.

By the rules of law, which are supposed to guide the courts, plaintiff was in actual possession of the premises at the time the defendant entered upon them. It was of no consequence whether Devore was actually there at the time or not. He had nothing to give, and his agreement could not affect the rights of the plaintiff. The evidence shows that the defendant was without even the poor excuse of having acted in good faith and with honest intention.

The court should have instructed the jury to return a verdict for the plaintiff. The judgment is reversed and the superior court is instructed to enter judgment for plaintiff.

McALISTER, C. J., and ROSS, J., concur.