388 P.2d 153

**Wesley MERRIFIELD, Appellant,**

v.

**Corean MERRIFIELD, Appellee.**

**No. 7144.**

Supreme Court of Arizona,

En Banc.

Dec. 30, 1963.

Rehearing Denied Jan. 21, 1964.

Johnson & Shelley, Mesa, for appellant.

Donald J. Morgan, Phoenix, for appellee.

ALICE N. TRUMAN, Judge of the Superior Court.

Wesley Merrifield brought a forcible detainer action against his former wife, Corean Merrifield. Plaintiff now appeals from a judgment finding defendant not guilty.

On July 23, 1959, Corean Merrifield obtained in Wisconsin a divorce from Wesley. The Wisconsin court which granted the divorce decree awarded Wesley certain real property located in Arizona which the Merrifields had acquired during their marriage. Corean was ordered by the Wisconsin court to execute and deliver to Wesley a quitclaim deed to this property. She refused and was held in contempt of court. For two days and two nights she was incarcerated. She was told the only way she could get out of jail was to sign the quitclaim deed. She signed. The deed was delivered to Wesley and was duly recorded in Arizona. Meanwhile, Corean returned to Arizona, took possession of the property, and refused possession to Wesley. In January, 1960, Wesley filed this forcible detainer action, asking that he be given possession of the Arizona property described in the quitclaim deed which Corean had executed.

The trial court held that the quitclaim deed was invalid because obtained by duress. Consequently, the trial court held defendant, Corean, not guilty of forcible detainer.

It appears that neither party questions the right of the trial court to go into a full scale inquiry on the question of title, even though A.R.S. § 12–1177 provides:

> "On the trial of an action of forcible entry or forcible detainer, the *only issue* shall be the right of actual possession and the *merits of title* shall not be inquired into." (Emphasis added.)

■ The reason neither party objected to the lower court's considering the merits of title appears to be their reliance on the rule of law stated in Hixon v. Davis, 46 Ariz. 543, 52 P.2d 1166 (1935). The Hixon case held that where the allegations and proof in regard to title are merely *incidental* to the question of right of possession, they are admissible in a forcible entry and detainer suit. We are of the opinion that this is a correct statement of the general principle of law. In Hixon the defendants attacked the delivery of the deed by virtue of which the plaintiffs claimed right to actual possession. The Hixon decision approved an examination into the question of whether the delivery of the deed had been made properly. We are of the opinion this was an inquiry into the merits of title. The plaintiffs' deed which prima facie indicated ownership was properly considered since it was merely

**154**

incidental to proof of right to possession. We, therefore, overrule Hixon v. Davis insofar as it conflicts with what we have said above.

■ The plaintiff in the instant case set up a quitclaim deed showing prima facie title. The trial court improperly inquired into the merits of this quitclaim deed. A.R. S. § 12–1177 prohibits such an inquiry. Consequently, the lower court erred in finding defendant not guilty of forcible detainer. Defendant is not barred from any future equitable proceedings which would adjudicate the validity of the quitclaim deed. Olds Bros. Lumber Co. v. Rushing, 64 Ariz. 199, 167 P.2d 394 (1946).

■ Since the plaintiff is entitled to reasonable rental for the time defendant improperly held possession, the trial court should determine such rental value. Reversed and remanded for new trial on the rental value of the premises.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concurring.

NOTE: The Honorable RENZ L. JENNINGS being disqualified, The Honorable ALICE N. TRUMAN, Judge of the Superior Court, Pima County, was called to sit in his stead and participate in the determination of this decision.