414 P.2d 727

**Gerald L. TAYLOR and Mildred Taylor, his wife, Lake Pleasant Inn, Inc., Petitioners,**

**v.**

**The Honorable R. C. STANFORD, Jr., Judge of Superior Court of the State of Arizona in and for the County of Maricopa, Robert E. Miller, Clerk of Superior Court of State of Arizona in and for Maricopa County, and L. C. "Cal" Boies, Sheriff of Maricopa County, Respondents.**

**No. 8727.**

Supreme Court of Arizona.

In Banc.

May 18, 1966.

---

Leibsohn, Garrett & Goldstein, and Phillip Weeks, Phoenix, for petitioners.

D. Kelly Turner, Scottsdale, for respondents Pony Acres Investment, Inc. and Emanuel Feingold.

BERNSTEIN, Vice Chief Justice.

On a petition for a writ of prohibition the issue before this court is whether, under an executory realty exchange contract, vendees under the contract can bring an unlawful detainer complaint to obtain possession when such complaint is predicated only upon alleged rights of the plaintiff under the executory contract.

Vendors and defendants below, Gerald and Mildred Taylor, and Lake Pleasant Inn, Inc. petition us from the Superior Court of Maricopa County for a writ of prohibition restraining the trial court, the county clerk and the county sheriff from proceeding any further in a forcible detainer complaint commenced by Emanuel Feingold and Pony Acres Investment, Inc.

On December 8, 1965, plaintiffs filed an amended forcible detainer complaint against defendants alleging defendants, as owners, entered into a written contract to deliver possession of Lake Pleasant Inn to plaintiffs on or before December 1, 1965. A copy of the contract was affixed to the complaint. Plaintiffs complained that December 1, had passed and defendants refused to surrender possession of the property in question.

By way of an affirmative defense defendant Gerald Taylor alleged that Emanuel Feingold with intent to deceive and defraud made certain false and fraudulent misrepresentations which were material in nature and caused Gerald Taylor to rely thereon and thereby induced him to execute the contract. Further, by way of affirmative defense Gerald Taylor alleged that plaintiff failed to perform a specific condition precedent to Gerald Taylor's obligation to transfer possession of the property in question.

At trial on January 3, 1966, pursuant to Rule 12, 16 A.R.S., Rules of Civil Procedure, defendants moved the court to dismiss the amended complaint on the ground that it failed to state a claim for forcible detainer. The motion was denied. After hearing the evidence the court took the case under advisement and entered the following minute entry:

"THE COURT FINDS the Defendant is Guilty of Forcible Entry and Detainer. A Writ of Restitution shall be issued at the expiration of five (5) days in the event the Defendants have not vacated the property; this includes not only the property, but the improvements and furnishings thereon.

"IT IS FURTHER ORDERED that the Defendants pay to the Plaintiff a sum of $35.00 per day from and after the first day of December, 1965, until possession is delivered to the Plaintiff."

On February 2, 1966, we issued an alternative writ of prohibition in this matter. For the reasons to follow this writ must be made permanent.

A.R.S. § 12–1177, subsec. A provides as follows:

"A. On the trial of an action of forcible entry or forcible detainer, *the only issue shall be the right of actual possession and the merits of title shall not be inquired into.*" (Emphasis supplied)

In Bishop v. Perrin, 4 Ariz. 190, 192, 35 P. 1059, the court in speaking of this provision (then Rev. Stats. Ariz. 1887 par. 2016) said:

"In forcible entry and detainer the right to present and immediate *actual possession* is the only question for adjudication." (Emphasis added)

In Felber v. Thorpe (Ausenhause), 19 Ariz. 594, 596, 173 P. 1058, 1059, we quoted from State v. Newbury, 122 N.C. 1077, 29 S.E. 367, as follows:

"By 'actual possession' as used in a statement that forcible entry is high-handed invasion of the actual possession of another is meant that he shall be in actual use and enjoyment of the land for such purpose as it is capable of, and not that the prosecutor shall be actually present at the time."

The theory behind plaintiff's complaint is that under the executory realty exchange contract they have a *right* to possession. In order for them to prove this the court would have to try the issue of the validity of the contract as well as that of defendants' affirmative defenses. What would result would be a full-blown trial for specific performance. The state of the title would be the focal point in such a situation and A.R.S. § 12–1177, subsec. A prohibits an inquiry into title.

Respect for *actual* possession of another, wrongful though it may be, is the essence of our forcible entry and unlawful detainer statutes. Thus, the party out of actual possession, whether the real owner or one entitled to a present right of possession, may not try the issue of title in a forcible entry or unlawful detainer case, for such an issue is to be decided in a suit for ejectment. Olds Bros. Lumber Co. v. Rushing, 64 Ariz. 199, 167 P.2d 394. In Goff v. Cornell, Mo.App., 257 S.W. 173, plaintiffs were purchasers of realty under

a contract of purchase and attempted to bring an unlawful detainer action against the vendor who was unwilling to give up possession. There the court said:

"It appears from the complaint that plaintiffs have never been in possession, and are seeking to maintain unlawful detainer against their grantor * * *. It is ruled that unlawful detainer in such case will not lie." at 173.

In no way and under no theory were plaintiffs ever in actual peaceable possession. They were never forcibly dispossessed. In Cahill v. Pine Creek Oil Co., 38 Okl. 568, 134 P. 64, the Supreme Court of Oklahoma made the following observations:

"Courts use language loosely, and frequently say what is not really meant, and use the expression 'right to possession' when they mean 'right of possession,' and vice versa, but there is a clear distinction between a right to possession, and a right of possession. The holder of a deed conveying the title, or a lease on real estate, which expressly or by implication gives the lessee possession, has the right to possession, and if actually in possession, he not only has the right to, but the right of possession. A party who enters and detains by force, or who enters lawfully and detains unlawfully and forcibly the possession, has the right of possession, and cannot be dispossessed by force by a party having the right to possession. The plaintiffs' complaint alleges that the plaintiffs were in actual possession of the real estate. If that were true, no matter how that possession had been acquired, the court should have inquired further into the complaint whether they had been dispossessed by the defendants' forcible entry, and whether the premises were being forcibly detained by them. The right to the possession is lodged in the party who had the right of possession when forcibly dispossessed. The title or right under which the respective parties entered is immaterial, and irrelevant to the investigation when an actual possession has been destroyed by force. The questions to be tried in this case are whether or not the plaintiffs were in the actual and physical possession of the real estate at the time complained of, and whether that possession was forcibly taken and detained from them by the defendants. As we have said, the title was not involved, and could not be tried in this or any other similar case."

In attempting to prove their *right* to possession plaintiffs seek to convert unlawful detainer into a suit for specific performance.

In the case at bar there is no question but that title is in defendants. This evidentiary fact may be put in evidence since it is incidental to defendants' proof of right to possession by reason of

ownership. But any further inquiry is prohibited by A.R.S. § 12–1177, subd. A. Merrifield v. Merrifield, 95 Ariz. 152, 388 P.2d 153.

> "The plaintiffs' deed which prima facie indicated ownership was properly considered since it was merely incidental to proof of right to possession". at 153–154, 388 P.2d at 154.

> \* \* \* \* \* \*

> "The plaintiff in the instant case set up a quitclaim deed showing prima facie title. The trial court improperly inquired into the merits of this quitclaim deed." at 154, 388 P.2d at 154.

Finally, as to the propriety of granting a writ of prohibition, petitioners contend the lower court acted "wholly and completely beyond its jurisdiction." Petitioners contend that unless the writ issues they will be forced to appeal from a clearly void judgment leaving the primary issue of the contract and defenses thereunder still subject to litigation at some distant date in the future.

In Caruso v. Superior Court, 100 Ariz. 167, 412 P.2d 463, 464, 465, we said:

> " \* \* \* a writ of prohibition is proper to prevent an inferior tribunal from acting without or in excess of its jurisdiction which may result in wrong, damage and injustice and there is no plain, speedy and adequate remedy otherwise available."

There is no doubt the Superior Court had statutory authority to entertain a suit for unlawful detainer, but under our analysis the court exceeded its jurisdiction. Here there is no other plain, speedy and adequate remedy and we can in our discretion issue the writ. Caruso v. Superior Court, supra, citing Zimmerman v. Superior Court, 98 Ariz. 85, 402 P.2d 212 which cited with approval City of Phoenix v. Rodgers, 44 Ariz. 40, 34 P.2d 385.

For the foregoing reasons the permanent writ of prohibition must issue.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concur.