424 P.2d 209

**Wayne E. PHELPS, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, by the Honorable William H. Gooding, Judge of the Said Court, and Shulton, Inc., Respondents.**

**No. I CA–CIV 542.**

Court of Appeals of Arizona.

Feb. 27, 1967.

Standage & Allen, by Gove L. Allen, Mesa, for petitioner.

Allen & Fels, by John V. Fels, Phoenix, for respondents.

**168**

STEVENS, Judge.

The petitioner has applied to the Court for a writ of prohibition to prohibit the enforcement of a contempt judgment against him as an individual.

On 13 December 1963, a complaint was filed in the Superior Court for Maricopa County by Shulton, Inc., and against Mesa Wholesale Sales, a corporation, alleging violations of the Arizona Fair Trade Act, A.R.S. Section 44–1421 et seq., and seeking relief by law of injunction against Mesa Wholesale Sales. Mesa Wholesale Sales was the only named defendant in the complaint.

On 16 January 1964, a preliminary injunction was "granted plaintiff against defendant * * * and its agent, servants, employees and attorneys * * *". Shulton posted its bond on preliminary injunction on the same day in favor of Mesa Wholesale Sales. On 23 January 1964, the preliminary injunction was served on Mesa Wholesale Sales by serving the petitioner in his capacity as president. There was no service upon the petitioner as an individual.

On 12 July 1966, Shulton filed an affidavit and petition for order to show cause which alleged that the defendant, Mesa Wholesale Sales, had violated the preliminary injunction by making sales "through a sales person acting as an employee of the corporation and under the direction and control and with the knowledge and approval of its officers." On the same date an order to show cause was issued. The order was directed only to "Mesa Wholesale Sales, a corporation" and was served upon the corporation by serving the petitioner as the statutory agent of the defendant. On 17 October 1966, prior to the hearing on contempt, after having granted a motion for summary judgment, the trial court entered judgment in favor of Shulton and granted a permanent injunction against the defendant.

On 26 October 1966 the hearing was held on the order to show cause. On that date, the petitioner, individually, was found guilty of contempt for willful violation of the preliminary injunction by reason of sales made by stores, other than Mesa Wholesale Sales, with which the petitioner was connected. Mesa Wholesale Sales was also found in contempt, but that order and the order of punishment were vacated on the same day for the reason that its corporate existence had terminated. A formal written judgment of contempt was filed on 14 December 1966. As punishment for the contempt, the petitioner was ordered to pay Shulton the sum of $875 plus interest from that date and costs. The petitioner then filed his petition for writ of prohibition to prohibit the enforcement of the last mentioned judgment.

■ A writ of prohibition is appropriate where the lower court is without jurisdiction and other available remedies are not equally plain, speedy and adequate. Caruso v. Superior Court, 100 Ariz. 167, 412 P.2d 463 (1966); Taylor v. Stanford, 100 Ariz. 346, 414 P.2d 727 (1966). This is true even where the right to appeal is also available.

■ For the purposes of this opinion we assume, without deciding, that the preliminary injunction issued on 16 January 1964 was broad enough to subject the petitioner, after notice thereof, to a judgment of contempt for his activities in reference to sales of Shulton's products. Even with this, we are of the opinion that the court was without jurisdiction over the person of the petitioner and the petitioner was not afforded due process of law as guaranteed by the 14th Amendment of the United States Constitution and Article 2, Section 4 of the Arizona Constitution. The 12 July 1966 order to show cause named, and was directed against, the defendant, Mesa Wholesale Sales. The petitioner, who appeared only as a representative of the defendant, was not given any notice as an individual relative to the contempt proceedings. Before he could be found in contempt, it was necessary that the petitioner be notified that the charges

were also against him as an individual. Section 12–862, subsec. B, A.R.S.; In re Quan, 39 Ariz. 13, 3 P.2d 522 (1931); Rogers v. Superior Court, 2 Ariz.App. 556, 410 P.2d 674 (1966).

We have not been called upon to decide whether the 17 October 1966 judgment had any effect upon the preliminary injunction or the order to show cause.

The issuance of the mandate in this cause will constitute a direction to the trial court to vacate the judgment of contempt and a writ prohibiting the enforcement of the 14 December 1966 judgment of contempt by any of the respondents.

CAMERON, C. J., and DONOFRIO, J., concur.