NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

NRZ REO X LLC, *Plaintiff/Appellee,*

*v.*

DARREL MENDEZ, *Defendant/Appellant.*

No. 1 CA-CV 19-0633
FILED 9-1-2020

Appeal from the Superior Court in Maricopa County
No.  CV 2019-005349
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Darrel Mendez, Glendale
*Defendant/Appellant*

ZBS Law LLP, Phoenix
By Kim R. Quam
*Counsel for Plaintiff/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Chief Judge Peter B. Swann joined.

_____

**C A M P B E L L**, Judge:

¶1　　　　Darrel Mendez appeals from the superior court's judgment in favor of NRZ REO X LLC ("NRZ") in a forcible entry and detainer ("FED") action. Because the issue Mendez raises on appeal—challenging the merits of NRZ's title—cannot be tried in an FED action, we affirm.

## BACKGROUND

¶2　　　　In May 2006, Jenny Mendez executed a promissory note secured by a deed of trust on certain real property ("the property"). In February 2019, U.S. Bank National Association ("U.S. Bank"), acting "not in its individual capacity but solely as Trustee" for a NRZ trust, purchased the property at a trustee's sale. After the appointed trustee conveyed the property to U.S. Bank through a trustee's deed, U.S. Bank executed a warranty deed transferring the property to NRZ.

¶3　　　　In early March 2019, NRZ served the residents of the property (collectively, "the Mendezes") with a "Notice To Vacate," explaining that the property had been sold at a foreclosure sale and demanding that they vacate the premises within five days. Nine days later, NRZ sued the Mendezes for forcible detainer, alleging they had refused to surrender possession of the property.

¶4　　　　After a bench trial, the superior court entered judgment in favor of NRZ, finding the Mendezes guilty of forcible detainer. Darrel Mendez timely appealed.

**DISCUSSION**

¶5        As his sole issue on appeal,[1] Mendez asserts that NRZ lacked standing to bring an FED action. Specifically, Mendez contends that only U.S. Bank, the grantee of the trustee's deed, is a real party in interest with the "capacity to sue."

¶6        Whether a party has standing to bring an FED action is a question of law that we generally review de novo. *See Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 180, ¶ 15 (App. 2004). The appellate record does not reflect, however, that Mendez challenged NRZ's standing in the superior court, and by failing to do so, he waived the issue absent fundamental, prejudicial error.[2] *See State v. Sucharew*, 205 Ariz. 16, 23, ¶ 17 (App. 2003).

¶7        "[T]o have standing, a plaintiff must have suffered injury in fact, economic or otherwise." *Aegis of Ariz., L.L.C. v. Town of Marana*, 206 Ariz. 557, 562, ¶ 18 (App. 2003) (internal quotation omitted). "In addition, that injury must be distinct and palpable, such that the plaintiff has a personal stake in the outcome of the controversy." *Id.* at 562–63, ¶ 18 (internal quotation omitted).

¶8        Relying on *Merrifield v. Merrifield*, 95 Ariz. 152 (1963), Mendez argues that "[o]nly a trustee's deed," not a warranty deed, conveys title to a purchaser under Arizona's deed of trust statutory scheme, and therefore

---

[1]        In his opening brief, Mendez mentions in passing that "the property was sold at [a] trustee sale via a successor trustee, not the trustee under the deed of trust." Because he failed to cite relevant supporting authority or develop the argument further, Mendez waived any challenge on that basis. *See Polanco v. Indus. Comm'n of Ariz.*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007) (an appellant's failure to develop and support an argument waives the issue on appeal). Regardless, the beneficiary of a deed of trust "may at any time remove a trustee for any reason or cause and appoint a successor trustee, and such appointment shall constitute a substitution of trustee." A.R.S. § 33-804(B).

[2]        Although Mendez asserts that he "raised the [standing] issue," he provides no citation to the record to support this claim and our review reveals none. While the "Defense's List of Witnesses and Exhibits," attached to the opening brief, claims, among other things, that NRZ lacked standing, the record does not reflect that this document was filed in the superior court.

NRZ holds no title interest in the property. But in *Merrifield*, this court held that it is improper to inquire into the merits of title in an FED action. *Id.* at 154.

**¶9**        As limited by statute, an FED action offers rightful landowners a summary remedy for obtaining possession of property, and challenges to the validity of title, including chain of title, can neither be raised nor resolved in such a proceeding. A.R.S. § 12-1177(A) ("On the trial of an action of forcible entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into."). Accordingly, issues concerning title must be brought in a quiet title action. *See Curtis v. Morris*, 184 Ariz. 393, 398 (App. 1995) ("Because an FED action does not bar subsequent proceedings between the parties to determine issues other than the immediate right to possession, those issues are better resolved in proceedings [other than FED actions].").

**¶10**        Here, NRZ purchased the property at a trustee's sale through its trustee, U.S. Bank. In so doing, NRZ became the rightful owner of the property under Arizona's deed of trust statutory scheme.  *See* A.R.S. § 33-811(B) (stating a trustee's deed of sale "shall constitute conclusive evidence" of the statutory requirements of the deed of trust "in favor of purchasers or encumbrancers for value and without actual notice"). Mendez, despite having received a written demand, failed to vacate the premises. A.R.S. § 12-1173.01(A)(2) (stating a person "who retains possession of . . . real property after he receives written demand of possession may be removed through an action for forcible detainer . . . [i]f the property has been sold through a trustee's sale under a deed of trust."). NRZ therefore had a personal stake, and standing to sue, in the FED action.

**CONCLUSION**

**¶11**        For the foregoing reasons, we affirm. As the successful party, NRZ is awarded its costs on appeal pursuant to A.R.S. § 12-341, contingent upon compliance with ARCAP 21.

